Though it could have been true that appellant had so collected money from an insurance company, yet such by no means showed the falsity of the statement relied upon, because there is no allegation that the money collected from the insurance company was by reason of and for a compensation claim and paid in settlement thereof.

Without such allegation, the falsity of the statement is not charged.

Everything the state charged in the indictment as being true could be so, and would not be false under the allegation of truth.

The indictment does not charge, therefore, the offense of false swearing, because there is no allegation showing the falsity of the statement charged to have been falsely made. See: Knight v. State, 71 Tex.Cr.R. 36, 158 S.W. 543; Brown v. State, 40 Tex. Cr.R. 48, 48 S.W. 169.

This conviction should be reversed and the prosecution ordered dismissed because of a fatally defective indictment.

Lawrence Arnim, Houston, for appellant.

Dan Walton, Dist. Atty., Thomas D. White and Alex Guevara, Jr., Asst. Dist. Attys., Houston, and Leon B. Douglas, State's Atty., Austin, for the State.

MORRISON, Presiding Judge.

The offense is driving while intoxicated; the punishment, three days in jail and a fine of $50.

No statement of facts accompanies the record.

Appellant's complaints raised by his bills of exception relating to the asking of a question by the attorney for the State cannot be appraised without a complete statement of facts or other showing that the claimed error was not waived or cured. See Dominguez v. State, Tex.Cr.App., 303 S.W.2d 384, and Stockman v. State, Tex. Cr.App., 303 S.W.2d 410.

Finding no reversible error, the judgment is affirmed.