EULA MAE SLATER V. STATE

No. 31,975. May 11, 1960
Appellant's Motion for Rehearing Overruled June 15, 1960

*J. S. Bailey, Jr.* of *Bailey & Blum*, Houston 2, for appellant.

*Dan Walton*, District Attorney, *Samuel H. Robertson, Jr.*, *Erwin Ernest*, Assistants District Attorney, Houston, and *Leon Douglas*, State's Attorney, Austin for the state.

MORRISON, Presiding Judge

The offense is murder; the punishment, 5 years.

The statement of facts which has been submitted only purports to be a portion of the testimony had upon the trial. For that reason we are in no position to pass upon the sufficiency of the evidence to support the conviction. For the same reason we cannot appraise appellant's claim that the court erred in overruling his motion for new trial based upon newly discovered evidence. Dominguez v. State, 164 Tex. Cr. Rep. 571, 303 S.W. 2d 384; Stockman v. State, 164 Tex. Cr. Rep. 469, 303 S.W 2d 410; Williams v. State, 329 S. W. 2d 284; and Lucky v. State, 169 Tex. Cr. Rep. 563, 330 S. W. 2d 433. Nor can we pass upon his bystanders' bills of exception which seek to raise the question of the exhibition to the jury of certain bloody clothes. For all we know from this record, an issue may have been raised which would have made the clothes admissible. Clothing of the deceased, though bloody, are admissible when they tend to solve an issue in the case. 4 Branch's Ann. P.C. 2d, sec. 2029, p. 340.

Finding no reversible error, the judgment of the trial court is affirmed.