Charles Earnest SPENCER, Appellant,

v.

The STATE of Texas, Appellee.

No. 44454.

Court of Criminal Appeals of Texas.

Feb. 16, 1972.

Rehearing Denied April 5, 1972.

James E. Price, Irving, for appellant.

Jim D. Vollers, State's Atty., and Robert Huttash, Asst. State's Atty., Austin, for the State.

## OPINION

DAVIS, Commissioner.

This is an appeal from a conviction for the misdemeanor offense of driving a motor vehicle on a public highway while under the influence of intoxicating liquor; the punishment was assessed by the jury at two months in jail and a fine of $425.00.

The appellant's sole contention is that the trial court erred in allowing testimony at the punishment phase of the trial concerning a prior driving while intoxicated offense (misdemeanor) where appellant had received probation, complied with its terms, and the conviction set aside prior to the effective date of Art. 37.07, Vernon's Ann.C.C.P., (as amended in 1967), which permitted the introduction of a probated sentence at the punishment stage of the trial.

The only testimony in the record before us is that of Probation Officer Knox, of Tarrant County, who testified at the punishment phase of the trial that on November 4, 1965, appellant entered a plea of guilty in County Criminal Court Number One, in Tarrant County, to the offense of driving while intoxicated, was found guilty by the court and assessed a penalty of thirty days in jail and a fine of $100; that said court probated the thirty day jail sentence for a period of six months and that appellant lived out his probationary period and an order setting aside the probation was entered on May 4, 1966.

The certificate of the court reporter certifies "the foregoing eight (8) pages constitute a full, accurate and complete *portion* of the Statement of Facts in this case * * *." (emphasis added)

In Slade v. State, 400 S.W.2d 570, 571, this Court held, "In the absence of a complete statement of facts, we are not in a position to review questions pertaining to the admissibility of evidence. 5 Tex.Jur. (2) 254, Sec. 160." See Sellars v. State, Tex.Cr.App., 401 S.W.2d 835; Stockman v. State, 164 Tex.Cr.R. 469, 303 S.W.2d 410. We are, therefore, unable to pass upon the question of the admissibility of the evidence concerning the prior misdemeanor probation because there is only a partial transcription of the court reporter's notes or statement of facts before us.

The judgment is affirmed.

Opinion approved by the Court.

ONION, P. J., and MORRISON, J., concur in result.