**Thomas M. TRECKER, Plaintiff,**

v.

**Dane T. SCAG, Wisconsin Marine, Inc., and Ransomes, Sims and Jefferies, Ltd., Defendants.**

No. 79–C–694.

United States District Court, E.D. Wisconsin.

Aug. 25, 1983.

Hugh R. Braun, Godfrey & Trump, Milwaukee, Wis., for plaintiff.

Richards S. Gibbs, Gibbs, Roper, Loots & Williams, Milwaukee, Wis., for defendants.

## DECISION and ORDER

MYRON L. GORDON, Senior District Judge.

In 1981, I granted the defendants' motion for summary judgment. *Trecker v. Scag,* 514 F.Supp. 364 (E.D.Wis.1981). That decision and order was vacated by the court of appeals for the seventh circuit. *Trecker v. Scag,* 679 F.2d 703 (7th Cir.1982). The court of appeals remanded with instructions that I resolve a matter of state law before deciding the summary judgment motion; that matter has now been resolved, and the defendants' motion for summary judgment will be granted.

The plaintiff has moved to amend his complaint to add two state law claims. My conclusion that the defendants are entitled to summary judgment renders the plaintiff's motion moot, and it will be dismissed.

The facts of the case have been set out at length in earlier decisions and need be stated only briefly here. The plaintiff, Mr. Trecker, and one of the defendants, Mr. Scag, founded Wisconsin Marine, Inc. (WMI) in 1971. The parties agreed in 1972 that, if the corporation was unable to employ Mr. Trecker full-time, he could redeem his shares at book value. The corporation could not employ Mr. Trecker full-time and, in December, 1973, he wrote to WMI's board terminating his relationship with the corporation and exercising his right to redeem his shares.

It was not until December, 1976, that the WMI board met and rejected Mr. Trecker's redemption demand, apparently because WMI lacked the necessary funds. Shortly thereafter, Mr. Trecker filed an action in Wisconsin state court seeking specific performance of the redemption agreement. In February, 1978, the state trial court decided that Mr. Trecker was entitled to specific performance of the agreement. In May, 1978, the trial court ruled that Mr. Trecker should be paid $160,845 plus interest for his shares, valued as of December 31, 1976, the end of the quarter in which Mr. Trecker had made his final redemption demand. The court also ruled that WMI should be

permitted to pay the judgment in install-ments.

After the state court trial had ended, but before the court had reached a decision, Mr. Scag began negotiating with an English firm, the defendant Ransomes, Sims and Jefferies, Ltd. (Ransomes), regarding the possible sale of Mr. Trecker's 34.2% interest in WMI. Under the agreement reached by Mr. Scag and Ransomes in February, 1978, WMI would receive from Ransomes $624,-176 for the 34.2% of WMI shares redeemed by Mr. Trecker at $160,845 pursuant to the state trial court's decision.

After final judgment had been entered in state court, Mr. Scag asked the court's per-mission to prepay the judgment. When a hearing was held on the matter in June, 1978, Mr. Scag explained that an investor, Ransomes, had been found and that install-ment payments were no longer necessary. Unable to force disclosure of the terms of the agreement with Ransomes through the trial court, Mr. Trecker bought shares in Ransomes in order to receive the annual report. In July, 1979, Mr. Trecker learned from the annual report that Ransomes had paid $624,176 for its 34.2% interest in WMI. Mr. Trecker then brought this action, claim-ing that Mr. Scag's failure to disclose WMI's negotiations with Ransomes violated SEC Rule 10b–5 (17 C.F.R. § 240.10b–5).

One of the grounds for my 1980 decision granting the defendants' motion for sum-mary judgment was that the undisclosed WMI-Ransomes negotiations began four years after Mr. Trecker had exercised his right to redeem his shares and one year after he had reaffirmed his decision by bringing the action in state court. I con-cluded that the negotiations could not have influenced Mr. Trecker's investment deci-sion and, therefore, that the non-disclosure was not material under SEC Rule 10b–5.

In 1982, the court of appeals for the seventh Circuit vacated my ruling and re-manded. The court of appeals stated that the non-disclosure of the negotiations might, in fact, be material if, under the state law, Mr. Trecker could have changed his decision to redeem his shares after the negotiations had begun. The court very clearly formulated the issue which it is now my duty to decide:

"All that Trecker can now be saying in this Rule 10b–5 action is that if he had known of Ransomes' negotiations during the pendency of his redemption suit, he would have abandoned it and held on to his shares. If Trecker could have done that, then neither materiality nor scienter is precluded and he has stated a claim under Rule 10b–5. The defendants con-ceded as much at oral argument." 679 F.2d at 709.

"We regret further complications in an already protracted and internecine strug-gle, but the case should not have been resolved, and on remand cannot go for-ward, without an adequate development by the parties of this important aspect of Wisconsin law." 679 F.2d at 710.

This precise issue was decided against the plaintiff by the Wisconsin court of appeals in *Trecker v. Wisconsin Marine, Inc.*, No. 81–1949 (Wis.Ct.App. July 21, 1982). After learning Ransomes had paid $624,176 for 34.2% of WMI, Mr. Trecker had filed a "Notice of Fraud on the Court" in the state trial court. The state trial court denied Mr. Trecker's motion to reopen the May, 1978, judgment on the ground that the alleged fraud on the court occurred at the June, 1978, hearing on Mr. Scag's request to pre-pay the judgment and could not, therefore, have affected the February, 1978, decision which set the value for Mr. Trecker's shares. Mr. Trecker appealed to the Wis-consin court of appeals.

The Wisconsin court of appeals affirmed but went beyond the reasons given by the trial court because the trial court had failed to recognize that "Trecker's allegations can be read to include Wisconsin Marine's fail-ure to disclose the negotiations before judg-ment was entered...." (Slip op. at 8). Mr. Trecker argued that the non-disclosure was a fraud on the court because, had the trial court known of the pending stock sale, it would have allowed him to withdraw his suit. This would have obviated the need

for the trial court to enter the May, 1978, judgment.

Although the context was fraud on the court rather than materiality, there can be no doubt that the Wisconsin court of appeals had before it the issue dispositive of the case at bar. Only if Mr. Trecker could have changed his decision to redeem his shares after learning of the Ransomes negotiations would the non-disclosure have been a fraud on the trial court. Similarly, only if Mr. Trecker could have changed his investment decision after learning of the Ransomes negotiations would the non-disclosure be material under SEC Rule 10b–5. The Wisconsin court of appeals resolved this issue of state law unambiguously:

"Trecker argues that had the trial court known that all of the stock of Wisconsin Marine was to be sold to Ransomes, the court would have allowed him to withdraw his stock redemption demand. That option was not available to Trecker." (Slip op. at 8).

"Trecker's rights as against Wisconsin Marine were fixed on December 29, 1973. He cannot convert his interest in the corporation from equity to debt and back again, according to the corporation's changing financial circumstances. His decision is irrevocable." (Slip op. at 9).

Immediately after the Wisconsin court of appeals reached this decision, the defendants filed with the court of appeals for the seventh circuit a motion to reconsider its decision to vacate my earlier grant of summary judgment. The court of appeals denied the motion but left no doubt that the state court of appeals decision had provided the law necessary to decide the summary judgment motion here:

"Defendants now have the information we said they lacked and should put before Judge Gordon, see pages 13–14 of our June 3 slip opinion. When they do so, we are confident that Judge Gordon will take appropriate action unless the Supreme court of Wisconsin should disagree with the Wisconsin Court of Appeals July 21 opinion in *Trecker v. Wisconsin Marine, Inc.*" *Trecker v. Scag*, No. 81–1888

(7th Cir. July 30, 1982) (order denying motion to reconsider).

On October 12, 1982, the Wisconsin supreme court denied the plaintiff's petition for review; thus, the state court of appeals' pronouncement on state law is authoritative. Applying that law to this Rule 10b–5 action, I must grant the defendants' motion for summary judgment on the ground that non-disclosure of the negotiations between WMI and Ransomes was immaterial to Mr. Trecker's decision to redeem his shares because, under state law, he could not have changed his decision after learning of the negotiations.

I reject the plaintiff's argument based on *Hazel-Atlas Glass Co. v. Hartford Empire Co.*, 322 U.S. 238, 64 S.Ct. 997, 88 L.Ed. 1250 (1944), that the defendants' alleged fraudulent misrepresentations estop them from raising a materiality defense. *Hazel-Atlas* concerned materiality as an evidentiary concept and has no application in this Rule 10b–5 suit where materiality is one of the elements which the plaintiff must prove.

The plaintiff has moved to amend his complaint to add two state causes of action pendent to the federal Rule 10b–5 claim. Since the Rule 10b–5 claim will be dismissed, there is no longer a federal claim to which the state claims can attach. The motion to amend must therefore be dismissed.

Therefore, IT IS ORDERED that the plaintiff's motion to amend the complaint be and hereby is dismissed.

IT IS ALSO ORDERED that the defendants' motion for summary judgment be and hereby is granted.

IT IS FURTHER ORDERED that the plaintiff's action be and hereby is dismissed.