**MERIT INSURANCE COMPANY, Plaintiff-Appellee,**

v.

**LEATHERBY INSURANCE COMPANY, a/k/a Western Employers Insurance Company, Defendant-Appellant.**

No. 84–1427.

United States Court of Appeals, Seventh Circuit.

Submitted April 20, 1984.

Decided May 4, 1984.

Certiorari Denied Oct. 15, 1984. See 105 S.Ct. 297.

Robert A. Holstein, Holstein, Mack & Assoc. Ltd., Charles J. O'Laughlin, Jenner & Block, Chicago, Ill., for plaintiff-appellee.

Mitchell S. Reiger, Schiff, Hardin & Waite, Chicago, Ill., for defendant-appellant.

Before CUMMINGS, Chief Judge, POSNER, Circuit Judge, and FAIRCHILD, Senior Circuit Judge.

PER CURIAM.

We have before us a motion to dismiss the appeal filed by Leatherby Insurance Company from an order denying a motion under Rule 60(b) of the Federal Rules of Civil Procedure to vacate the judgment in favor of Merit Insurance Company.

In December 1980 a panel of three arbitrators, at the conclusion of an arbitration proceeding that had lasted three years, awarded Merit more than $10 million for fraud committed by Leatherby. In December 1981 the district court entered judgment confirming the award, and also denied Leatherby's motion under Rule 60(b), which had been made on November 19, 1981, to vacate that judgment on the ground that the award was in manifest disregard of the law and also had been procured by misrepresentations made to the arbitration panel by Merit. On December 17, 1981, Leatherby appealed to this court from both the judgment confirming the award and from the order denying its Rule 60(b) motion. On May 12, 1982, while the appeal was pending, Leatherby filed another Rule 60(b) motion in the district court, alleging that the neutral arbitrator had been biased. When the district court indicated that it was favorably disposed toward this motion, we dismissed the appeal at Leatherby's request. The district court then set aside the arbitrators' award, Merit appealed, and on July 12, 1983, we reversed and ordered the district court's original judgment confirming the award re-instated. 714 F.2d 673 (7th Cir.1983). After other proceedings unnecessary to recount here, Leatherby on March 15, 1984, filed another Rule 60(b) motion in the district court (its third), based in part on the same grounds as its first 60(b) motion, which the district court had denied back in 1981, and as to which Leatherby's appeal had been dismissed at its own request when the district court indicated that it would grant Leatherby's second Rule 60(b) motion. The district court denied Leatherby's renewed 60(b) motion on March 16, 1984, Leatherby filed a notice of appeal, and Merit has now moved to dismiss the appeal. Both parties have briefed Merit's motion extensively.

On its face, the appeal is frivolous. For the most part it seeks to bring up to us the identical issues that were the subject of an appeal filed by, and later dismissed on motion of, the appellant itself. For the Rule 60(b) motion which Leatherby filed on March 15, 1984, and from the denial of which it is appealing, is virtually identical to the Rule 60(b) motion which it had filed on November 19, 1981, which had been denied then, and from the denial of which Leatherby had prosecuted, and then dismissed, an appeal. Indeed, the March 15 motion incorporates the motion of November 19, 1981, by reference. The only new thing is affidavits from the party arbitrators, but they were part of the record that was before the district court when it was considering Leatherby's second Rule 60(b) motion (the one it granted) and also part of the appellate record on which we based our decision for Merit in July 1983. They provide no conceivable basis for reopening the case, either on the ground of newly discovered evidence or on any other ground listed in Rule 60(b). The March 15 motion does not even indicate the subsection of Rule 60(b) under which it is filed. The motion was filed either to delay the final day of reckoning when Leatherby has to pay the judgment that has been entered against it, or simply to revive the appeal that we dismissed on Leatherby's motion two years ago. No intervening change in law could

justify this attempt to renew a long-dismissed appeal. If anything, our decision of July 12, 1983, rejecting Leatherby's challenge to the impartiality of the neutral arbitrator, by making clear that the test for setting aside an arbitration award on grounds of bias of an arbitrator is a demanding one, weakened the basis for Leatherby's challenge to the impartiality of the party arbitrators, a challenge which in any event Leatherby could and should have made literally years ago when it challenged the good faith of the neutral arbitrator. A surprising feature of the March 15 motion is that it does not even discuss the bearing of our July 12 decision on the motion; it is as if nothing had happened between November 19, 1981, and March 15, 1984.

 Leatherby argues, however, that this is the first opportunity it has had to get appellate review of the district judge's order denying its November 19, 1981, motion. (In so arguing, it makes clear that there is nothing really new in the March 15 motion; the motion is basically just a vehicle for reinstating the dismissed appeal from the denial of Leatherby's Rule 60(b) motion of November 19, 1981.) This is not true. What is true is that in order to get the district judge to rule on its second motion, Leatherby had to dismiss its appeal from the first motion, because while that appeal was pending the district court had no jurisdiction over the case. But when Merit appealed from the district court's order setting aside the arbitration award on the ground of bias of the neutral arbitrator, Leatherby was of course free to defend that order on any ground it wished. For Leatherby to take two bites at the apple, by waiting to see how it fared in defending the district court's grant of its second Rule 60(b) motion before deciding whether to attack the district court's denial of its first motion, and then, after losing in this court, making that denial the subject of another appeal, is an abuse of orderly appellate procedure. See, e.g., *Raxton Corp. v. Anania Associates, Inc.*, 668 F.2d 622, 624 (1st Cir.1982). We shall tolerate no further delay in winding up this protracted litigation, which has made a mock-

ery of the promise of arbitration to give those who choose it a swift and effective alternative to judicial dispute resolution.

The motion to dismiss the appeal is granted, and the appeal is dismissed. Pursuant to Rule 38 of the Federal Rules of Appellate Procedure, we order Leatherby to pay Merit a reasonable attorney's fee for Merit's efforts in this court to dismiss this frivolous appeal, the amount of the fee to be determined by the district court.

So Ordered.