David Simpson WINDSOR, II,
Plaintiff-Appellant,

v.

PAN AMERICAN AIRWAYS,
Defendant-Appellee.

No. 84–3102
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Oct. 29, 1984.

---

David Simpson Windsor, II, pro se.

Deutsch, Kerrigan & Stiles, Francis G. Weller, New Orleans, La., for defendant-appellee.

Before REAVLEY, POLITZ and HIGGINBOTHAM, Circuit Judges.

POLITZ, Circuit Judge:

The ever increasing volume of appeals filed with this court threatens to inundate our docket. The possibility of that spectre requires that we adhere firmly to rules governing the conduct of the appellate process, including the dismissal of patently frivolous appeals. This appeal founders for two reasons: appellant has not complied with our briefing rules and his appeal is totally devoid of merit. The appeal is accordingly dismissed.

David Simpson-Windsor, II filed suit against Pan American Airways seeking damages in the amount of four hundred trillion dollars "on the grounds of grand theft ... with the intent to commit nuclear sabotage on Flight 759," a flight which tragically crashed immediately after take-off from Moisant International Airport killing all aboard. Appellant alleges that Pan American Airways conspired with the family of President Kennedy and with President Carter to cause the crash of Flight 759. Appellant further alleged that President Carter had "illegally accumulated over 40 trillion dollars in assets—based on ideas [President Carter] had stolen from the plaintiff's patents and copyrights on file in Washington, D.C." According to plaintiff, President Carter was joined in this grand theft scheme by Presidents Kennedy, Ford and Reagan. Inexplicably, Presidents Johnson and Nixon were implicitly exonerated from this presidential miscreancy.

Plaintiff-appellant then amended his *pro se* pleadings seeking the arrest and detention of the widow of Dr. Martin Luther King, Jr., identified as Matilda Winfield alias Adams alias King alias Sykes, because she posed a threat to the Roman Catholic Church and its episcopacy. Specifically, appellant alleges that Mrs. King planned to take over an order of Black Nuns and become its Mother Superior, all as a prelude to her ultimate plan to "install herself as a self-declared 'Black Popess.'" In all of this, plaintiff sought to foil St. Peter who was actually the Black Devil and the father of Judas Iscariot.

Demonstrating remarkable restraint, the district court carefully reviewed the pleadings and attachments and concluded that plaintiff had not asserted a legally cognizable claim. Fed.R.Civ.P. 12(b)(6). This ruling is eminently correct. Plaintiff advances claims that are absolutely and irretrievably without a semblance of merit. No federal court, trial or appellate, is obliged to allot more than a modicum of scarce judicial resources to such claims.

Summary disposition was in order in the trial court; it is equally in order here.

Appeal DISMISSED.