**Thomas M. TRECKER, Plaintiff-Appellant,**

v.

**Dane T. SCAG, Wisconsin Marine, Inc., and Ransomes, Sims and Jefferies, Ltd., Defendants-Appellees.**

**No. 83–2725.**

United States Court of Appeals, Seventh Circuit.

Submitted Oct. 24, 1984.*

Decided Nov. 6, 1984.

</div>

* After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." *See* Rule 34(a), Fed.R.App.P.; Circuit Rule 14(f). Plaintiff-appellant has filed such a statement and requested oral argument. Upon consideration of that statement, the briefs, and the record, the request for oral argument is denied and the appeal is submitted on the briefs and record.

Hugh R. Braun, Godfrey, Trump & Hayes, Milwaukee, Wis., for plaintiff-appellant.

Richard S. Gibbs, Gibbs, Roper, Loots & Williams, Milwaukee, Wis., for defendants-appellees.

Before CUMMINGS, Chief Judge, and ESCHBACH and FLAUM, Circuit Judges.

CUMMINGS, Chief Judge.

Plaintiff Thomas Trecker and one of the defendants, Dane Scag, formed Wisconsin Marine, Inc. ("WMI") in 1971, each receiving part of the company's stock. The two men agreed that if WMI could not employ Trecker full-time, he could redeem his stock in WMI at book value or the original issuance price, whichever was higher. Plaintiff asked for redemption of his shares in 1973, but WMI did not act on his request until 1976 when it rejected the redemption demand. Trecker then filed an action in a Wisconsin court, requesting specific performance of the redemption agreement. The state court granted specific performance, ruling that plaintiff was entitled to the value of the shares as of December 31, 1976—approximately $165,000.00 (including interest). The judgment provided for payment of this sum in three installments.

Before the state court rendered its decision, Scag began negotiating with another

party, defendant Ransomes, Sims and Jefferies, Ltd. ("Ransomes"), to purchase Trecker's interest in WMI. Ransomes agreed to buy Trecker's redeemed shares from WMI for nearly $625,000.00. After the state court entered final judgment on Trecker's specific performance claim, Scag moved for permission to prepay the entire judgment so that an agreement with an "investor" to acquire outstanding shares of WMI could be completed. At a hearing on the motion, Scag and WMI refused to introduce a copy of the agreement with Ransomes. Scag's counsel, however, summarized the agreement orally and told the court, *inter alia*, that Trecker's stock was to be sold for $124,000.00. The court granted Scag's prepayment motion in June 1978.

In 1979, plaintiff learned that Ransomes bought Trecker's WMI stock for $625,-000.00. He then filed the instant action, alleging that the concealment and misrepresentations of Scag and WMI regarding the agreement with Ransomes violated § 10(b) of the Securities Exchange Act of 1934, 15 U.S.C. § 78j(b), and Rule 10b–5, 17 C.F.R. § 240.10b–5. Defendants' motion to dismiss was denied, 481 F.Supp. 861 (E.D. Wis.1979), but their motion for summary judgment was granted on the basis of the statute of limitations, 500 F.Supp. 752 (E.D. Wis.1980), and since the failure to disclose was not material or deliberate, 514 F.Supp. 364, 367–368 (E.D.Wis.1981). This Court vacated and remanded for further consideration of one aspect of Wisconsin law: the right to withdraw a redemption demand after it is made. *Trecker v. Scag*, 679 F.2d 703, 709–710 (7th Cir.1982). We summarized plaintiff's argument as follows:

> All that Trecker can now be saying in this Rule 10b–5 action is that if he had known of Ransomes' negotiations during the pendency of his redemption suit, he would have abandoned it and held on to his shares. If Trecker could have done that, then neither materiality nor scienter is precluded and he has stated a claim under Rule 10b–5.

*Id.* at 709 (footnote omitted).

In the meantime, plaintiff had filed a motion to reopen the state court proceedings because of defendants' fraud. On July 21, 1982, shortly after we released our opinion, the Wisconsin Court of Appeals affirmed the trial court's order denying Trecker's motion to reopen the state court judgment. In its opinion, the Court of Appeals confronted and decided the specific issue Trecker raises in the instant appeal:

> Trecker argues that had the trial court known that all of the stock of Wisconsin Marine was to be sold to Ransomes, the court would have allowed him to withdraw his stock redemption demand. That option was not available to Trecker * * *.
>
> Trecker's rights as against Wisconsin Marine were fixed on December 29, 1973. He cannot convert his interest in the corporation from equity to debt and back again, according to the corporation's changing financial circumstances. His decision is irrevocable.

*Trecker v. Wisconsin Marine, Inc.*, No. 81–1949, slip op. at 8–9 (Wis.Ct.App. July 21, 1982).

The defendants then filed a motion in this Court to reconsider our decision. The motion was denied by an order stating in part: "Defendants now have the information we said they lacked and should put before Judge Gordon * * *. When they do so, we are confident that Judge Gordon will take appropriate action unless the Supreme Court of Wisconsin should disagree with the Wisconsin Court of Appeals' July 21 opinion in *Trecker v. Wisconsin Marine, Inc.*" *Trecker v. Scag*, No. 81–1888 (7th Cir. July 30, 1982) (order denying motion to reconsider). The Wisconsin Supreme Court subsequently denied Trecker's petition for review. 108 Wis.2d 790, 326 N.W.2d 778. Judge Gordon granted defendants' summary judgment motion on August 25, 1983. 569 F.Supp. 744. This appeal followed.

## I.

Trecker concedes that if his demand for redemption could not have been withdrawn, then defendants' alleged fraud was

not material. Appellant's Reply Brief at 3. Trecker also concedes that the Wisconsin Court of Appeals stated that he could not withdraw his redemption demand. Plaintiff argues, however, that the decision of the Wisconsin Court of Appeals should not be given collateral estoppel effect [1] for two reasons. The first is that this Court has already decided that the state court decision should not be given collateral estoppel effect in this litigation. This argument is totally meritless. In our 1982 opinion, we declined to apply collateral estoppel to a 1979 state court ruling that the redemption demand could not have been withdrawn because it was dicta; the issue in that state court case concerned choosing an appropriate date for valuing Trecker's stock. 679 F.2d at 709 n. 14. In contrast, the 1982 state court decision decided the precise issue Trecker wants to relitigate in federal court; moreover, that court had to rule on the issue of withdrawal of redemption demands in order to decide the case. *Trecker v. Wisconsin Marine, Inc.*, slip op. at 8.

Plaintiff's other collateral estoppel argument fares no better. Trecker contends that he did not have a "full and fair opportunity" to litigate the redemption withdrawal issue in state court. *See generally Guenther v. Holmgreen*, 738 F.2d 879, 883–884 (7th Cir.1984). The record belies this assertion. The Wisconsin Court of Appeals decision itself declared: *"Trecker argues* that had the trial court known that all of the stock of Wisconsin Marine was to be sold to Ransomes, the court would have allowed him to withdraw his stock redemption demand." *Trecker v. Wisconsin Marine, Inc.*, slip op. at 8 (emphasis added). Moreover, plaintiff's petition for review to the Wisconsin Supreme Court stated that one of the issues for consideration was the right to withdraw a redemption demand prior to judgment. Appellees' Brief at 8–9. There is no doubt that plaintiff received a full and fair opportunity to litigate this issue in the Wisconsin courts and he has pointed to nothing in the record which would suggest otherwise. Having lost in state court, he cannot ask the federal courts to reconsider the same question.

## II.

Defendants assert that this appeal is frivolous and ask us to award "extraordinary costs" to defendants and their counsel.[2] We assume (for no authority is cited) that defendants are attempting to invoke our power to impose sanctions pursuant to Fed.R.App.P. 38, which provides that we may award damages (including attorneys' fees, *Reid v. United States*, 715 F.2d 1148, 1154 (7th Cir.1983)) and single or double costs if an appeal is frivolous. The conclusion that this appeal is frivolous seems inescapable. In the first appeal, we remanded for a determination whether Wisconsin law permitted a redemption demand to be withdrawn. After the decision of the Wisconsin Court of Appeals, we indicated in no uncertain terms that its decision disposed of that issue unless the Wisconsin Supreme Court reached a different conclusion. *Trecker v. Scag*, No. 81–1888 (7th Cir. July 30, 1982). When the Wisconsin Supreme Court declined to review the case, it should have been apparent to plaintiff's counsel that we would affirm the granting of summary judgment in favor of defendants.

The second factor we must consider before awarding costs and fees is whether this is an appropriate case for sanctions. *Gilles v. Burton Construction Co.*, 736 F.2d 1142, 1146 (7th Cir.1984). This seems

---

1. Plaintiff's other contention on appeal—that defendants' fraud estops them from contesting the materiality of their misrepresentations—is without merit. Materiality is an element of plaintiff's cause of action. 17 C.F.R. § 240.10b–5(b); *Wright v. Heizer Corp.*, 560 F.2d 236, 249 (7th Cir.1977), certiorari denied, 434 U.S. 1066, 98 S.Ct. 1243, 55 L.Ed.2d 767. If a defendant's fraud estopped a challenge to the materiality of a misrepresentation, a plaintiff in a securities fraud case would never have to establish materiality.

2. Defendants have also requested that we dismiss this appeal because it is frivolous. We have no authority for this sanction, except for appellants proceeding *in forma pauperis*. See 28 U.S.C. § 1915(d).

to be one of those cases where persistence in litigation is itself evidence of bad faith. *Reid v. United States*, 715 F.2d at 1155. Plaintiff's arguments on appeal lack any arguable merit at all. We can think of no other reason for this appeal other than delay, harassment or "sheer obstinancy." *Id.* Plaintiff could not have had any "reasonable expectation of altering the district court's judgment," *id.*, in light of our order of July 30, 1982. *See also Merit Ins. Co. v. Leatherby Ins. Co.*, 737 F.2d 580 (7th Cir. 1984) (per curiam), certiorari denied, — U.S. ——, 105 S.Ct. 297, 83 L.Ed.2d 232; *Scudder v. Town of Greendale*, 704 F.2d 999, 1002–03 (7th Cir.1983). Accordingly, double costs and reasonable attorneys' fees are assessed against plaintiff's counsel.

The judgment of the district court is AFFIRMED.