810 F.2d 194
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Haywood CANNON, Plaintiff-Appellant,
v.
J. Patrick EXUM, Tillie Parsons Beaman, Executrix of the
Estate of John William Beaman, Dallas Clark, Jr.,
Jeffrey Lee Miller, Rachael Beaman
Miller, Defendants-Appellees.
NATASHA
 No. 86-2153.
 United States Court of Appeals, Fourth Circuit.
 Submitted Nov. 28, 1986.
Decided Jan. 16, 1987.
 
 Before RUSSELL, PHILLIPS and ERVIN, Circuit Judges.
 Haywood Cannon, appellant pro se.
 Reginald Leander Watkins, Office of the Attorney General of North Carolina, Jeffrey Lee Miller, Dallas Clark, Jr., for appellees.
 PER CURIAM:
 
 
 1
 Appellant Haywood Cannon filed suit in state court seeking damages for wrongs allegedly committed by the defendants during state court proceedings involving the custody of Cannon's child. Shortly after filing suit, Cannon removed it to federal court, asserting that removal was proper because the action was one that could have been filed in federal court and the state courts would not enforce or protect his federal rights. Cannon cited as authority for the removal sections 1441(a), (b) and (c) and 1443(1) and (2) of Title 28, United States Code. The defendants promptly objected to the removal and moved to have the action remanded to state court. By order entered July 21, 1986, the district court remanded the action to state court.
 
 
 2
 On August 20, 1986, Cannon moved for reconsideration of the remand order, and on August 25, he noted an appeal from the remand order. The district court denied Cannon's motion for reconsideration on September 16, 1986, and Cannon filed a notice of appeal from that order on October 1, 1986. Appellees have moved to dismiss the appeal as frivolous.
 
 
 3
 Initially we note the limitation on review of remand orders established by 28 U.S.C. § 1447(d):
 
 
 4
 An order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise, except that an order remanding a case to the State court from which it was removed pursuant to section 1443 of this title shall be reviewable by appeal or otherwise.
 
 
 5
 Cannon referenced both 28 U.S.C. § 1441 and 28 U.S.C. § 1443 as authority for removal of this action. To the extent the removal was based on § 1441, the remand would not be reviewable either by appeal from the remand order or by appeal from the denial of the motion for reconsideration. To the extent the removal was based on § 1443, we note that the appeal from the remand order is untimely under Fed.R.App.P. (4)(a)(1).
 
 
 6
 Cannon filed his first notice of appeal on August 25, more than 30 days after entry of the July 21 remand order.[1] As Cannon has failed to move in the district court for an extension of the appeal period based upon excusable neglect, we are without jurisdiction over his appeal from the July 21 remand order. Shah v. Hutto, 722 F.2d 1167 (4th Cir.1983) (en banc), cert. denied, 466 U.S. 975 (1984).
 
 
 7
 Cannon's motion for reconsideration of the remand order, served more than ten days after entry of the order, did not toll the running of the appeal period under Fed.R.App.P. 4(a)(4). Assuming that the district court considered the motion as a motion to vacate under Fed.R.Civ.P. 60(b), the denial of that motion could, however, be appealed in its own right.
 
 
 8
 The district court's denial of the motion for reconsideration was clearly proper. Section 1443 permits removal of certain types of action by a defendant. Cannon is the plaintiff, not the defendant, in this litigation.
 
 
 9
 In sum, we find that we are, for the most part, without jurisdiction to entertain this appeal. To the extent we may review, upon appeal from the denial of Cannon's motion for reconsideration, the district court's finding that removal was improper under 28 U.S.C. § 1443, the appeal is "absolutely and irretrievably without a semblance of merit." Windsor v. Pan American Airways, 744 F.2d 1187, 1188 (5th Cir.1984). See also Merit Insurance Co. v. Leatherby Insurance Co., 737 F.2d 580, 581 (7th Cir.), cert. denied, --- U.S. ----, 53 U.S.L.W. 3289 (Oct. 15, 1984). Dismissal of the appeal as frivolous and for lack of jurisdiction is therefore appropriate. We accordingly grant appellees' motion to dismiss. Cannon's motion for recusal is denied. We dispense with oral argument because the dispositive issues recently have been decided authoritatively.
 
 
 10
 DISMISSED.