**Robert M. LOZANO, et al.,**
**Plaintiffs, Appellants,**

v.

**BANCO CENTRAL Y ECONOMIAS,**
**a/k/a Banco Central Corporation,**
**et al., Defendants, Appellees.**

**No. 88–1592.**

United States Court of Appeals,
First Circuit.

Heard Oct. 31, 1988.

Decided Jan. 11, 1989.

Robert M. Lozano, pro se, with whom Daniel Caban Castro, Bay Amon, P.R., was on brief.

Jorge Carazo–Quetglas, with whom Sweeting Gonzalez & Cestero, Hato Rey, P.R., was on brief, for defendants, appellees.

Before CAMPBELL, Chief Judge, COFFIN and TORRUELLA, Circuit Judges.

PER CURIAM.

We affirm, on the basis of the district court's opinion, each matter raised on appeal. This includes the court's grant of summary judgment based on res judicata of plaintiff's claim under the Securities Exchange Act of 1934, 15 U.S.C. § 78j, and plaintiff's claim under the Racketeer Influenced and Corrupt Organizations (RICO) Act, 18 U.S.C. §§ 1961–1968; the district court's alternative holding, in footnote 5 of its Memorandum and Order, that the complaint failed to state a claim under either of these statutes; and the district court's award of attorney's fee to defendants under Fed.R.Civ.P. 11.

Appellee requests imposition on appellant of costs and fees of this appeal under Fed.R.App.P. 38.[1] Upon review of the arguments advanced by appellant, we concur with the district court's estimation of the character of this litigation:

> This feud must come to an end. Plaintiffs have repeatedly filed lawsuits in this Court on the same claim. Plaintiffs have raised their objections to the fraudulent proof of claim in this Court as well as the Bankruptcy Court.... In order to deter plaintiffs from wasting this Court's valuable time and harassing de-

---

1. Damages for Delay
   If a court of appeals shall determine that an appeal is frivolous, it may award just damages and single or double costs to the appellee.

Fed.R.App.P. 38.

fendants, we find that imposition of attorney's fees is mandated.

We believe this appeal is frivolous. "An appeal is frivolous when the result is obvious, or the arguments are 'wholly without merit.'" *NLRB v. Catalina Yachts*, 679 F.2d 180, 182 (9th Cir.1982) (citations omitted; quoting *Jaeger v. Canadian Bank of Commerce, California*, 327 F.2d 743 (9th Cir.1964)). *See also Natasha, Inc. v. Evita Marine Charters, Inc.*, 763 F.2d 468 (1st Cir.1985). We further note our recent warning: "[I]n the future, a pro se appellant, whose assertions have been found totally frivolous below, runs the risk of substantially harsher appellate sanctions [than mere double costs] if the appeal is objectively frivolous, *i.e.*, without legal or factual basis." *Lefebvre v. Commissioner of Internal Revenue*, 830 F.2d 417 (1st Cir. 1987). Lozano brought this appeal as "co-counsel-pro-se." As counsel of record, and based on his representations that he is both trained in the law and an attorney, Lozano is doubly charged with heeding this court's warning and the mandate of Rule 38.

*Affirmed. Double costs and reasonable attorney's fees awarded to appellee.*