929 F.2d 692
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Pierre E. DOSTERT, Plaintiff-Appellant,
v.
Sam R. HARSHBARGER, Former justice of the Supreme Court of
Appeals of the State of West Virginia, Darrell V. McGraw,
Justice of the Supreme Court of Appeals of the State of West
Virginia, Thomas E. McHugh, Justice of the Supreme Court of
Appeals of the State of West Virginia, Thomas B. Miller,
Justice of the Supreme Court of Appeals of the State of West
Virginia, Richard Neely, Justice of the Supreme Court of
Appeals of the State of West Virginia, William Brotherton,
Justice of the Supreme Court of Appeals of the State of West
Virginia, Paul Crabtree, Administrative Director of the West
Virginia State Courts, State of West Virginia, c/o Honorable
Charles Brown, Attorney General, Defendants-Appellees.
 No. 90-1891.
 United States Court of Appeals, Fourth Circuit.
 Submitted Feb. 8, 1991.
Decided April 2, 1991.
 
 Appeal from the United States District Court for the Southern District of West Virginia, at Charleston. Dennis Raymond Knapp, Senior District Judge. (CA-88-578-2)
 Pierre E. Dostert, appellant pro se.
 Ricklin Brown, Bowles, Rice, McDavid, Graff & Love, Lonnie Carl Simmons, Di Trapano & Jackson, Charleston, W.V., for appellees.
 S.D.W.Va. [APPEAL AFTER REMAND FROM 911 F.2d 721].
 AFFIRMED.
 Before K.K. HALL, PHILLIPS and MURNAGHAN, Circuit Judges.
 PER CURIAM:
 
 
 1
 Pierre E. Dostert appeals the district court's order awarding sanctions to defendants against him in his 42 U.S.C. Sec. 1983 action. Dostert is a former West Virginia state court judge who claimed that present and former justices of the Supreme Court of Appeals of West Virginia and the supreme court's administrative director wrongfully denied him disability retirement benefits. This action was before this Court previously when Dostert appealed the district court's dismissal of his action on judicial immunity grounds. The district court also awarded Fed.R.Civ.P. 11 sanctions against Dostert and his attorneys. This Court affirmed the dismissal of the action but reversed the award of sanctions and remanded for further consideration. We now affirm the district court's imposition of sanctions against Dostert and his attorneys pursuant to its inherent power. We also grant appellees' motion for damages for delay against Dostert, proceeding pro se on this appeal, pursuant to Fed.R.App.P. 38.
 
 
 2
 The long history of Dostert's claims against various justices of the Supreme Court of Appeals of West Virginia is set out in this Court's opinion remanding the matter to the district court and it need not be repeated in detail here. Briefly, when we last considered this action we found that Dostert's underlying claim was barred both by the doctrine of res judicata and by judicial immunity. Dostert v. Harshbarger, No. 89-2453, slip op. at 6-9 (4th Cir. July 18, 1990) (unpublished). We could not find, however, that Rule 11 sanctions were appropriate based on the district court's findings. Nevertheless, we noted that Dostert's actions in pursuing the suit were disturbing and found substantial evidence in the record to support a finding that Dostert had acted in bad faith, which is sufficient to invoke the district court's inherent powers to impose sanctions. See F.D. Rich Co. v. United States ex rel. Indus. Lumber Co., 417 U.S. 116, 129 (1974). We therefore remanded the action for the district court to make whatever findings regarding bad faith and/or harassment by Dostert might be warranted by the record. Dostert, slip op. at 12-14.
 
 
 3
 On remand, the district court found that Dostert and his attorneys had acted in bad faith and imposed the same amount of attorneys' fees that it had previously ordered. Our review of the record and the district court's opinion discloses that this appeal is without merit. Accordingly, we affirm on the reasoning of the district court. Dostert v. Harshbarger, CA-88-578-2 (S.D.W.Va. Oct. 23, 1990).
 
 
 4
 Appellees have filed a motion in this Court seeking damages for delay pursuant to Fed.R.App.P. 38 against Dostert. Dostert is proceeding pro se in this appeal. Rule 38 states that "[i]f a court of appeals shall determine that an appeal is frivolous, it may award just damages and single or double costs to the appellee." An appeal is frivolous when the result is obvious or the arguments of error are wholly without merit. See In re Becraft, 885 F.2d 547, 548 (9th Cir.1989).
 
 
 5
 Dostert contends on appeal that the district court failed to give him proper notice and opportunity to be heard after the case was remanded. This argument is wholly without merit because the record shows that he had notice from the defendants' motions for sanctions and from this Court's previous opinion. Dostert also had more than one opportunity to be heard on the matter of sanctions. Before the remand the district court held a hearing on the record. Following remand, a status conference was held and Dostert was given an opportunity to file proposed findings of facts and conclusions of law, which he failed to do. An evidentiary hearing was not required after remand. See Oliveri v. Thompson, 803 F.2d 1265, 1280 (2d Cir.1986), cert. denied, 480 U.S. 918 (1987). Dostert was given the process he was due prior to the district court's imposition of sanctions.
 
 
 6
 Dostert's other arguments on appeal simply attack this Court's and other courts' decisions finding that his claim is barred by res judicata and judicial immunity. These arguments are also wholly without merit and an obvious attempt to relitigate already decided issues.[1] This appeal is frivolous.
 
 
 7
 The insubstantial nature of Dostert's arguments on this appeal follow on the heels of this Court's previous opinion which clearly put Dostert on notice that the claims he advanced then and now were meritless. The previous opinion pointed out that the record already supported a finding of bad faith on Dostert's part in pursuing the claims. Still, he chose to appeal the district court's decision awarding sanctions for no substantial reason. This is a case where "persistence in litigation is itself evidence of bad faith." See Trecker v. Scag, 747 F.2d 1176, 1179-80 (7th Cir.1984), cert. denied, 471 U.S. 1066 (1985). The fact that Dostert is himself a former judge makes sanctions even more appropriate.[2] See Lozano v. Banco Central Y Economias, 865 F.2d 15, 16 (1st Cir.1989).
 
 
 8
 Accordingly, appellees' motion for Rule 38 sanctions is granted and Dostert is directed to pay double costs and attorneys' fees for expenses incurred during the appeal of the imposition of sanctions. Costs and attorneys' fees shall be assessed in the first instance by the Clerk of this Court on verified submissions by the parties or by counsel. Either party dissatisfied by the Clerk's determination, upon written application therefor, may obtain review by the Court on the papers without oral argument. See Sparrow v. Commissioner, 748 F.2d 914 (4th Cir.1984). Appellees' motion for summary disposition is now moot and is denied. The district court's dismissal of the action is affirmed.
 
 
 9
 AFFIRMED.
 
 
 
 [1]
 Dostert's motion to supplement the record with Harshbarger v. Gainer, No. 19713 (W.Va. Jan. 22, 1991), is granted
 
 
 [2]
 We find that there are no factual issues as to whether sanctions should be imposed which a hearing in this Court could illuminate. In addition, Dostert has been given ample opportunity in the district court to put his opinions on the record and has in fact done so in this Court by filing his informal brief. He was put on notice of the possibility that Rule 38 sanctions would be imposed by the appellees' motion. Therefore, we find that his due process rights have been satisfied in this Court. See Hill v. Norfolk & Western Ry., 814 F.2d 1192, 1200-03 (7th Cir.1987)