In The
 Court of Appeals
 Seventh District of Texas at Amarillo

 ________________________

 No. 07-11-0278-CR
 ________________________
 
 THOMAS M. THOMAN, APPELLANT

 V.

 THE STATE OF TEXAS, APPELLEE
 

 On Appeal from the County Court at Law #3
 Williamson County, Texas
 Trial Court No. 10-08591-3, Honorable Doug Arnold, Presiding 

 
 April 4, 2013
 
 MEMORANDUM OPINION
 
 Before Quinn, C.J., and Campbell and Pirtle, JJ.
 
 
Appellant Thomas M. Thoman, appearing pro se in the trial court and on appeal, challenges his conviction and sentence for failure to identify. We will affirm.
An information charged appellant with the offense. A jury found him guilty and punishment was tried to the bench. The trial judge imposed a sentence of confinement in the county jail for three days with a fine of $200. 
Appellant does not appear as an indigent but has not brought forward a reporter's record. An appellant bears the burden of ensuring a record on appeal sufficient to resolve the issue he presents. Guajardo v. State, 109 S.W.3d 456, 462 n.17 (Tex.Crim.App. 2003) (citing Rowell v. State, 66 S.W.3d 279, 282 (Tex.Crim.App. 2001)). Pursuant to appellate rule, we have notified appellant we will consider and decide his issues to the extent possible without a reporter's record. Tex. R. App. P. 37.3(c).
 Appellant presents two issues on appeal. Viewing his stated issues in light of the supporting argument in his brief, we perceive both issues attack the jurisdiction of the trial court. We will discuss them jointly.
Appellant's first issue reads:
That the said Williamson County Court at Law #3 did in fact error (sic) by applying unratified authority known as the 14th Amendment thereby denying "Original Common Law Due Process" (or Law of the Land) as defined and established in the Bill of Rights of the Constitution of Texas ratified in 1876, and as defined in the 5th Amendment of the Bill Of Rights of the US Constitution ratified by the several States in 1791.
His second issue states:
That the said Williamson County Court at Law #3 did in fact error (sic) in applying unlawful authority (14th Amendment) by mere use of strict belief and popular opinion without any evidence of whether such aforesaid amendment (sic) ratified or not.
Appellant's brief fleshes out his argument with a series of contentions, as follows:
[Appellant] does so state; that he is, 1), NOT a United States citizen (as understood post-Civil War) and 2), that the issue brought before this court is strictly a state issue, and that the state of Texas is sovereign, has particular rights, and has NOT given up any rights to sovereignty which have NOT been enumerated in the constitution and therefore are reserved to the state; that what has been reserved to the states is reserved to them, and, 3), the constitution and laws of the state of Texas are the supreme law of the land in relation to [appellant], and 4), [the State is] walking into the state and trespassing on the rights of the (pre civil war) citizen, and 5), [the State has] perpetrated fraud upon [appellant], and therefore, said case should be reversed. (Bolding and capitalization in original.)
 In short, appellant asserts the Fourteenth Amendment to the United States Constitution was never lawfully ratified. Having "formally renounced the fraud committed upon" him, he deems himself "no longer subject to the `Special' and/or `Private Law' jurisdiction of the United States in relation to the true Law of the Land." He claims the status of "a freeman (i.e. Texas citizen)," apparently over and against any allegiance to the federal government or at least any authority relying on the Fourteenth Amendment. 
By appellant's reasoning, he is entitled to due process arising from an unspecified body of common law applied by a "Court of Justice." He asserts, "therefore until [the State has] filed a complaint against [appellant] in a Court of Justice, where [appellant] can answer said complaint (notice and opportunity to be heard), be tried under the Common Law, and convicted of an offense or crime; they are barred from the taking (trespassing) of life, liberty, or property from [appellant], as they have NO jurisdiction without it (Due Process)." 
In addition to its assertions regarding the invalidity of the Fourteenth Amendment, appellant's brief contains discussion of his views of points of legal history related to his stated issues. As an appellate brief supporting a contention the trial court lacked jurisdiction, however, it does not contain "a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record." The absence of a cogent argument supported by substantive analysis and citations leaves the issues inadequately briefed and presenting nothing for review. Tex. R. App. P. 38.1(i); Roberts v. State, 273 S.W.3d 322, 326 (Tex.Crim.App. 2008) (agreeing with court of appeals that inadequately briefed complaint was properly overruled). 
Moreover, appellant's claims are frivolous. See, e.g., United States v. Gerads, 999 F.2d 1255, 1256 (8th Cir.1993) (rejecting appellants' claims that they were "not citizens of the United States, but rather `Free Citizens of the Republic of Minnesota' and, consequently, not subject to taxation" and imposing sanctions for bringing a frivolous appeal); United States v. Masat, 948 F.2d 923, 934 (5th Cir. 1991) (finding appellant's lack of personal jurisdiction contention based on claimed status of "non-citizen," "non-resident," and "freeman" was frivolous as he was indicted, appeared before district court, and presented appellate court no authority for argument); United States v. Beckwith, No. 01-CR-7, 2006 U.S. Dist. Lexis 64954, at *1-3 (E.D. Wis. Sept. 9, 2006) (stating in alternative holding claims of defendant alleging he was not a "citizen of the United States' (sic) under the so-called 14th Amendment" but instead a "Common Law Citizen of the Sovereign Wisconsin Republic" were frivolous); Dethlefs v. Samuels, Civil No. 06-0807 (JBS), 2006 U.S. Dist. Lexis 44462, at *8 (D.N.J. June 16, 2006) (addressing motion based in part on claim the 14th Amendment was never ratified, petitioner was not a "14th Amendment Citizen," and was a "national" of "the country of Connecticut"); United States v. Greenstreet, 912 F.Supp. 224, 228 (N.D. Tex. 1996) (finding "entirely frivolous" defendant's want of personal jurisdiction argument, which discredited the 14th Amendment while advancing his "Republic/State of Texas" citizenship, as the claim's only support was documents issued by the "common law court"); Wells v. United States, No. 86-C-316-B, 1986 U.S. Dist. Lexis 23356, at *1-2 (N.D. Okla. July 1, 1986) (dismissing as "clearly frivolous" plaintiff's challenge to levy on salary based inter alia on claim of "Free, . . . Common Law Citizen . . . not subject to law deriving from the Fourteenth Amendment," and quoting Windsor v. Pan American Airways, 744 F.2d 1187, 1188 (5th Cir. 1984) ("No federal court, trial or appellate, is obligated to allot more than a modicum of scarce judicial resources to such claims")). 
The due course of law provision of our Texas Constitution provides, "No citizen of this State shall be deprived of life, liberty, property, privileges or immunities, or in any manner disfranchised, except by the due course of the law of the land." Tex. Const. art. I, § 19. The protection provided one accused of crime by our state constitution's "due course of law" guarantee has on occasion been viewed more broadly than that provided by the federal constitution's "due process" provision. See Sanchez v. State, 707 S.W.2d 575, 580 (Tex.Crim.App. 1986) (finding Texas Constitution's protection of defendant from impeachment for post-arrest, pre-Miranda silence greater than protection against self-incrimination under the Fifth Amendment); but cf. Fleming v. State, 376 S.W.3d 854, 857 (Tex.App.--Fort Worth 2012, pet. granted) ("[T]his court and the majority of Texas courts of appeals have repeatedly held that the due course of law provision provides the same protections as the federal Due Process Clause"). But appellant provides no analysis supporting his contention that the Williamson County Court at Law No. 3 lacked jurisdiction because it is not a "Court of Justice" administering the "Law of the Land." Nor, of course, does appellant's self-styled renunciation declaring himself subject to laws other than those of the United States have any legal significance. See U.S. Const., Art. VI, cl. 2. (Supremacy Clause).
As the State points out, the clerk's record contains an information regular on its face. Tex. Code Crim. Proc. Ann. art. 21.21 (West 2009) (designating requisites of an information). Nothing in the clerk's record suggests the trial court lacked personal or subject matter jurisdiction or committed fundamental error. See Guzman v. State, No. 12-12-00377-CR, 2013 Tex. App. Lexis 877, at *1-2 (Tex.App.--Tyler Jan. 31, 2013, n.p.h.) (per curiam, mem. op.) (reviewing clerk's record for fundamental error when appellant did not arrange for preparation of reporter's record). Appellant's first and second issues are overruled. The judgment of the trial court is affirmed. 

James T. Campbell
 Justice

Do not publish.