

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

_____

No. 07-11-0278-CR

_____

THOMAS M. THOMAN, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the County Court at Law #3
Williamson County, Texas
Trial Court No. 10-08591-3, Honorable Doug Arnold, Presiding

April 4, 2013

## MEMORANDUM OPINION

Before Quinn, C.J., and Campbell and Pirtle, JJ.

Appellant Thomas M. Thoman, appearing *pro se* in the trial court and on appeal, challenges his conviction and sentence for failure to identify.[1]  We will affirm.

_____

[1] Tex. Penal Code Ann. § 38.02 (West 2011).

An information charged appellant with the offense. A jury found him guilty and punishment was tried to the bench. The trial judge imposed a sentence of confinement in the county jail for three days with a fine of $200.

Appellant does not appear as an indigent but has not brought forward a reporter's record.[2] An appellant bears the burden of ensuring a record on appeal sufficient to resolve the issue he presents. *Guajardo v. State,* 109 S.W.3d 456, 462 n.17 (Tex.Crim.App. 2003) (citing *Rowell v. State,* 66 S.W.3d 279, 282 (Tex.Crim.App. 2001)). Pursuant to appellate rule, we have notified appellant we will consider and decide his issues to the extent possible without a reporter's record. Tex. R. App. P. 37.3(c).[3]

Appellant presents two issues on appeal. Viewing his stated issues in light of the supporting argument in his brief, we perceive both issues attack the jurisdiction of the trial court. We will discuss them jointly.

Appellant's first issue reads:

That the said Williamson County Court at Law #3 did in fact error (sic) by applying unratified authority known as the 14th Amendment thereby denying "Original Common Law Due Process" (or Law of the Land) as defined and established in the Bill of Rights of the Constitution of Texas

---

[2] Appellate rule 35.3(b) provides the reporter is responsible for preparing the reporter's record if, *inter alia,* the person responsible for payment "has paid the reporter's fee, or has made satisfactory arrangements with the reporter to pay the fee, or is entitled to appeal without paying the fee." Tex. R. App. P. 35.3(b).

[3] *See Thoman v. State,* No. 07-11-00278-CR, 2011 Tex. App. Lexis 7020 (Tex.App.--Amarillo Aug. 26, 2011) (per curiam order) (setting deadline for reporter's record and warning appellant that absence of reporter's record because of his omission would limit review and decision to those issues in his brief not requiring a reporter's record for decision).

ratified in 1876, and as defined in the 5th Amendment of the Bill Of Rights of the US Constitution ratified by the several States in 1791.

His second issue states:

That the said Williamson County Court at Law #3 did in fact error (sic) in applying unlawful authority (14th Amendment) by mere use of strict belief and popular opinion without any evidence of whether such aforesaid amendment (sic) ratified or not.

Appellant's brief fleshes out his argument with a series of contentions, as follows:

[Appellant] does so state; that he is, 1), **NOT** a United States citizen (as understood post-Civil War) and 2), that the issue brought before this court is strictly a state issue, and that the state of Texas is sovereign, has particular rights, and has **NOT** given up any rights to sovereignty which have **NOT** been enumerated in the constitution and therefore are reserved to the state; that what has been reserved to the states is reserved to them, and, 3), the constitution and laws of the state of Texas are the supreme law of the land in relation to [appellant], and 4), [the State is] walking into the state and trespassing on the rights of the (pre civil war) citizen, and 5), [the State has] perpetrated fraud upon [appellant], and therefore, said case should be reversed. (Bolding and capitalization in original.)

In short, appellant asserts the Fourteenth Amendment to the United States Constitution was never lawfully ratified. Having "formally renounced the fraud committed upon" him, he deems himself "no longer subject to the 'Special' and/or 'Private Law' jurisdiction of the United States in relation to the true Law of the Land." He claims the status of "a freeman (i.e. Texas citizen)," apparently over and against any allegiance to the federal government or at least any authority relying on the Fourteenth Amendment.

By appellant's reasoning, he is entitled to due process arising from an unspecified body of common law applied by a "Court of Justice." He asserts, "therefore until [the State has] filed a complaint against [appellant] in a Court of Justice, where [appellant] can answer said complaint (notice and opportunity to be heard), be tried

3

under the Common Law, and convicted of an offense or crime; they are barred from the taking (trespassing) of life, liberty, or property from [appellant], as they have NO jurisdiction without it (Due Process)."

In addition to its assertions regarding the invalidity of the Fourteenth Amendment, appellant's brief contains discussion of his views of points of legal history related to his stated issues. As an appellate brief supporting a contention the trial court lacked jurisdiction, however, it does not contain "a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record." The absence of a cogent argument supported by substantive analysis and citations leaves the issues inadequately briefed and presenting nothing for review. Tex. R. App. P. 38.1(i); *Roberts v. State,* 273 S.W.3d 322, 326 (Tex.Crim.App. 2008) (agreeing with court of appeals that inadequately briefed complaint was properly overruled).[4]

Moreover, appellant's claims are frivolous. *See, e.g., United States v. Gerads,* 999 F.2d 1255, 1256 (8th Cir.1993) (rejecting appellants' claims that they were "not citizens of the United States, but rather 'Free Citizens of the Republic of Minnesota' and, consequently, not subject to taxation" and imposing sanctions for bringing a frivolous appeal); *United States v. Masat,* 948 F.2d 923, 934 (5th Cir. 1991) (finding appellant's lack of personal jurisdiction contention based on claimed status of "non-citizen," "non-resident," and "freeman" was frivolous as he was indicted, appeared before district court, and presented appellate court no authority for argument); *United States v. Beckwith,* No. 01-CR-7, 2006 U.S. Dist. Lexis 64954, at *1-3 (E.D. Wis. Sept.

---

[4] If we have misperceived appellant's contentions on appeal, and his argument is that the trial court erred in its application of law to his conviction and sentencing, we note that his brief is similarly inadequate to present that argument.

9, 2006) (stating in alternative holding claims of defendant alleging he was not a "citizen of the United States' (sic) under the so-called 14th Amendment" but instead a "Common Law Citizen of the Sovereign Wisconsin Republic" were frivolous); *Dethlefs v. Samuels,* Civil No. 06-0807 (JBS), 2006 U.S. Dist. Lexis 44462, at *8 (D.N.J. June 16, 2006) (addressing motion based in part on claim the 14th Amendment was never ratified, petitioner was not a "14th Amendment Citizen," and was a "national" of "the country of Connecticut"); *United States v. Greenstreet,* 912 F.Supp. 224, 228 (N.D. Tex. 1996) (finding "entirely frivolous" defendant's want of personal jurisdiction argument, which discredited the 14th Amendment while advancing his "Republic/State of Texas" citizenship, as the claim's only support was documents issued by the "common law court"); *Wells v. United States,* No. 86-C-316-B, 1986 U.S. Dist. Lexis 23356, at *1-2 (N.D. Okla. July 1, 1986) (dismissing as "clearly frivolous" plaintiff's challenge to levy on salary based *inter alia* on claim of "Free, . . . Common Law Citizen . . . not subject to law deriving from the Fourteenth Amendment," and quoting *Windsor v. Pan American Airways,* 744 F.2d 1187, 1188 (5th Cir. 1984) ("No federal court, trial or appellate, is obligated to allot more than a modicum of scarce judicial resources to such claims")).

The due course of law provision of our Texas Constitution provides, "No citizen of this State shall be deprived of life, liberty, property, privileges or immunities, or in any manner disfranchised, except by the due course of the law of the land." Tex. Const. art. I, § 19. The protection provided one accused of crime by our state constitution's "due course of law" guarantee has on occasion been viewed more broadly than that provided by the federal constitution's "due process" provision. *See Sanchez v. State,* 707 S.W.2d 575, 580 (Tex.Crim.App. 1986) (finding Texas Constitution's protection of

5

defendant from impeachment for post-arrest, pre-*Miranda* silence greater than protection against self-incrimination under the Fifth Amendment); *but cf. Fleming v. State,* 376 S.W.3d 854, 857 (Tex.App.--Fort Worth 2012, pet. granted) ("[T]his court and the majority of Texas courts of appeals have repeatedly held that the due course of law provision provides the same protections as the federal Due Process Clause").  But appellant provides no analysis supporting his contention that the Williamson County Court at Law No. 3 lacked jurisdiction because it is not a "Court of Justice" administering the "Law of the Land."  Nor, of course, does appellant's self-styled renunciation declaring himself subject to laws other than those of the United States have any legal significance.  *See* U.S. Const., Art. VI, cl. 2. (Supremacy Clause).

As the State points out, the clerk's record contains an information regular on its face.  Tex. Code Crim. Proc. Ann. art. 21.21 (West 2009) (designating requisites of an information).  Nothing in the clerk's record suggests the trial court lacked personal or subject matter jurisdiction or committed fundamental error.  *See Guzman v. State,* No. 12-12-00377-CR, 2013 Tex. App. Lexis 877, at *1-2 (Tex.App.--Tyler Jan. 31, 2013, n.p.h.) (per curiam, mem. op.) (reviewing clerk's record for fundamental error when appellant did not arrange for preparation of reporter's record).  Appellant's first and second issues are overruled.  The judgment of the trial court is affirmed.


James T. Campbell
Justice


Do not publish.