## JOHNNIE STOCKMAN V. STATE

No. 28,842. February 20, 1957.
Appellant's Motion for Rehearing Overruled
(Without Written Opinion) April 3, 1957.

*Sam Hoover,* Pasadena, for appellant.

*Dan Walton,* District Attorney, *George E. Miller* and *Thomas D. White,* Assistants District Attorney, Houston, and *Leon Douglas,* State's Attorney, Austin, for the state.

WOODLEY, Judge.

The offense is enticing a child for immoral purposes as defined in Art. 535b V.A.P.C.; the punishment, two years.

There are no formal bills of exception and no brief has been filed on appellant's behalf.

The statement of facts accompanying the record is not certified or approved by the trial judge but is presented upon the following agreement or stipulation between counsel for the state and appellant's counsel:

"It is hereby stipulated and agreed between the undersigned counsel for the defendant and the undersigned attorney representing the State that the foregoing transcript of the testimony of witnesses in question and answer form, certified to and indexed by Joe H. McMillan, Official Court Reporter, of the above entitled court, may be filed with the clerk of said court as a Statement of facts to be sent up on the appeal in this cause, and that insofar as such statement of facts reflects the admis-

sion of testimony objected to by the defendant and the court's ruling thereon, and the defendant's exceptions to such ruling, said Statement of facts shall constitute a Bill of Exceptions to each such ruling of the court and that no formal bills of exceptions to any such ruling shall be necessary.

"Both counsel for the defendant and the State reserve the right to make timely presentation to the trial judge, for his approval, of such additional Statements of facts and bills of exceptions, presenting matters other than the testimony of witnesses included in the foregoing transcript, as they may deem necessary."

Attention is directed to the reservation under which additional statements of fact presenting matters other than "the testimony of witnesses included in the foregoing transcript * * * " may be presented to the trial judge for his approval.

Art. 759(a) V.A.C.C.P. provides in Section 1 B and D for a transcript of all or any part of the evidence adduced on trial of the case, Section 1 E provides that if the statement of facts is agreed to by the defendant or his counsel and the attorney representing the state, it need not be approved by the court.

It appears from the quoted agreement that the statement of facts does not purport to contain all of the evidence adduced on the trial, hence the question of the sufficiency of the evidence is not before us.

For like reason, the informal bills of exception relating to the court's ruling on the admission of evidence cannot be appraised without a complete statement of facts or other showing that the claimed errors were not waived or cured.

The judgment is affirmed.