Wesley SELLARS, Appellant,

v.

The STATE of Texas, Appellee.

No. 39401.

Court of Criminal Appeals of Texas.

March 9, 1966.

Rehearing Denied May 11, 1966.

Ralph Chambers, Houston, Thomas D. White (on appeal only), Houston, for appellant.

Carol S. Vance, Dist. Atty., James C. Brough and Joe C. Shaffer, Asst. Dist. Attys., Houston, and Leon B. Douglas, State's Atty., Austin, for the State.

DICE, Commissioner.

The conviction is for burglary of a private residence at night; the punishment, enhanced by reason of a prior conviction for an offense of like character, ninety-nine years.

Trial was at the August, 1965, term of Criminal District Court No. 6 of Harris County, judgment being entered and sentence pronounced on October 8, 1965.

A purported statement of facts filed with the clerk of the trial court on December 30, 1965, consisting of 484 pages, accompanies the record. The instrument appears to be in three parts: pages 1 to 60, inclusive, pages 61 to 349, inclusive, and pages 350 to 452, inclusive. In addition, the exhibits are shown on pages 453 to 484. At page 60 there is a certificate by the official court reporter, Evelyn B. Friedman, which certifies that pages 1 through 59 comprise a true and correct transcript of all the testimony adduced and proceedings

had upon the trial of the case that was reported and transcribed by her. Underneath the certificate is an agreement signed by counsel for the state and the defendant as to the correctness of the testimony and proceedings reported and transcribed by the court reporter. On page 349, there appears a certificate of Paul M. Rodriguez, Jr., a notary public in and for Harris County, which certifies that certain proceedings were reported by him which, as set out and transcribed, were true and correct. There is no agreement by counsel for the state and the appellant that such testimony and proceedings purportedly certified to by the notary were true and correct. On page 452 is found another certificate by Evelyn B. Friedman, the official court reporter, which certifies that pages 350 through 451 comprise a true and correct transcript of all the testimony adduced and proceedings had upon the trial that was reported and transcribed by her. Below this certificate is an agreement signed by the attorneys for the state and the appellant, certifying as to the correctness of the testimony and proceedings reported and transcribed by the court reporter.

The statement of facts is not approved by the trial judge.

As presented, only a portion of the statement of facts is certified to by the official court reporter and approved by counsel for the state and the appellant.

■ In the absence of a complete statement of facts, this court cannot pass upon the sufficiency of the evidence, questions relating to the court's rulings on the admission of evidence, or the court's charge. Stockman v. State, 164 Tex.Cr.R. 469, 303 S.W.2d 410; Sullivan v. State, Tex.Cr. App., 377 S.W.2d 952; Hankins v. State, 163 Tex.Cr.R. 553, 294 S.W.2d 850.

■ We overrule appellant's contention that the trial court erred in not requiring the jury to assess the punishment in the case.

The indictment under which appellant was prosecuted and convicted alleged that he had been previously convicted of an offense of like character. Under Art. 62, Vernon's Ann.P.C., the punishment upon appellant's subsequent conviction for a felony offense of like character was the highest which is affixed to the commission of the primary offense of burglary.

■ While Art. 1391, V.A.P.C., fixes the punishment for burglary of a private residence at night at confinement in the penitentiary for any term of years not less than five, under the decisions of this court the trial court was authorized to assess appellant's punishment under Art. 62, supra, at a term of ninety-nine years. Brown v. State, 171 Tex.Cr.R. 167, 346 S.W.2d 842; Joseph v. State, Tex.Cr.App., 367 S.W.2d 330; Madeley v. State, Tex.Cr.App., 388 S.W.2d 187.

■ In the judgment entered by the court, appellant is adjudged guilty of the offense of nighttime burglary. The same is ordered reformed so as to adjudge him guilty of nighttime burglary of a private residence as alleged in the indictment and found by the jury.

The judgment, as reformed, is affirmed.

Opinion approved by the court.

WOODLEY, Judge (dissenting).

The writer is in full accord with that portion of appellant's brief wherein his able counsel contends that the majority opinion in Joseph v. State, Tex.Cr.App., 367 S.W.2d 330, and the opinion in Brown v. State, 171 Tex.Cr.R. 167, 346 S.W.2d 842, "are so farfetched and so lacking in logic, that this Honorable Court should immediately correct the erroneous rule established by said decisions" and "said decisions constitute legislation by this Honorable Court and we can all agree that this Honorable Court is a judicial body, not a legislative body."

 

If the punishment for a second or subsequent burglary of a private residence at night is "absolutely fixed by law to some particular penalty," so as to render it unnecessary under Art. 693 C.C.P. that the jury assess the punishment, the *law* "absolutely fixing" such punishment at 99 years was not an act of the legislature but an incorrect decision of this Court.

If the majority insist upon reaffirming the rule in Brown v. State, they should no longer delay relief to those serving longer terms than 99 years which, under their rule, are excessive.

The writer's views are expressed in his dissents in Joseph v. State, Tex.Cr.App., 367 S.W.2d 330, and Madeley v. State, Tex.Cr. App., 388 S.W.2d 187, cited in the majority opinion.

I respectfully dissent.