Ismael SMITHWICK, Appellant,

v.

The STATE of Texas, Appellee.

No. 04–81–00329–CR.

Court of Appeals of Texas, San Antonio.

June 30, 1982.

James Folsom, Corpus Christi, for appellant.

Rolando Rene Ramirez, Dist. Atty., Alice, for appellee.

Before KLINGEMAN, BUTTS and CLARK, JJ.

OPINION

KLINGEMAN, Justice.

This is an appeal from a conviction for the offense of aggravated assault. Tex.Penal Code Ann. § 22.02 (Vernon 1974). After the jury found appellant guilty of the alleged offense, the trial court accepted appellant's plea of "true" to the two enhancement paragraphs in the indictment, heard the evidence on the question of punishment, and then sentenced appellant to confinement for life in the Texas Department of Corrections pursuant to Tex.Penal Code Ann. § 12.42(d) (Vernon 1974).

Appellant's first ground of error alleges that the trial court erred in overruling his motion for new trial without conducting an evidentiary hearing. Appellant filed a motion for new trial alleging jury misconduct during their deliberations at the guilt-innocence phase of the trial. An affidavit of one of the jurors was attached to the motion for new trial in order to verify the allegations contained in the motion. Appellant concludes his argument on this ground of error by stating that he is objecting to the fact that even though he had a valid motion supported by the proper affidavit, he was denied even a hearing in which to present evidence.

■ Although appellant correctly states the general rule that a motion for new trial "alleging jury misconduct must be supported by the affidavit of a juror or some other person who was in a position to know the facts," *Story v. State*, 502 S.W.2d 764 (Tex.Cr.App.1973), his interpretation that compliance with this rule entitles him to an evidentiary hearing on the motion for new trial is without merit. The purpose of this general rule is "to discourage 'fishing expeditions' in an effort to impeach a jury verdict." *Stephenson v. State*, 494 S.W.2d 900 (Tex.Cr.App.1973). Consequently, the affidavit attached to the motion is only a pleading that authorizes the introduction of supporting evidence. It is not evidence and in order to constitute evidence it must be introduced as such at the hearing on the motion. *Walker v. State*, 440 S.W.2d 653 (Tex.Cr.App.1969).

■ Appellant in the case at bar properly filed a motion for new trial with a supporting affidavit of one of the jurors on March 18, 1981. The State, however, did not take issue with any allegation set forth in the motion prior to the expiration of twenty days. Therefore, no hearing was required by Tex.Code Crim.Pro. art. 40.06 (Vernon 1979). In the absence of such mandate by article 40.06, the motion for new trial was overruled by operation of law twenty days after it was filed. *Boykin v. State*, 516 S.W.2d 946 (Tex.Cr.App.1974). As a result, not only is a hearing on the motion for new trial not required, it is unauthorized after it was overruled by operation of law twenty days after it was filed. *See Resendez v. State*, 523 S.W.2d 700 (Tex.Cr.App.1975); *Morgan v. State*, 519 S.W.2d 449 (Tex.Cr.App.1975). Appellant's first ground of error is overruled.

■ Appellant complains in his second ground of error that the evidence is insufficient to support the verdict of the jury. Notice of appeal in this cause was filed in the trial court on May 15, 1981. Pursuant to Tex.Code Crim.Pro. art. 40.09, § 3 (Vernon 1979), the statement of facts must be filed with the clerk of the trial court for inclusion in the record before or within a period of ninety days after notice of appeal was given. Appellant failed to obtain such transcription and furnish it to the clerk of the trial court as prescribed by Tex.Code Crim.Pro. art. 40.09, § 5 (Vernon 1979), within this requisite period of time. As a result, the trial judge did not approve the statement of facts. Therefore, there is no transcription of the proceedings in the trial court to review on appeal. There being no formal bill of exceptions and the proceedings appearing regular, appellant has waived his right to complain of the sufficiency of the evidence on appeal. *See Davis v. State*, 384 S.W.2d 144 (Tex.Cr.App.1964); *Mobley v. State*, 366 S.W.2d 558 (Tex.Cr.App.1963); *Jackson v. State*, 344 S.W.2d 876 (Tex.Cr.App.1961). Appellant's second ground of error is overruled.

Appellant's third ground of error alleges that the trial court erred in holding that the evidence was sufficient to support proof of a prior conviction relied upon by the State for enhancement of punishment. The judgment in this cause recites that appellant entered a plea of "true" to the two enhancement allegations in the indictment which set out two prior felony convictions and specified that the second offense was committed after the first conviction was final. Since appellant does not dispute that he entered a plea of "true" to the enhancement allegations, he cannot be heard to complain that the evidence is insufficient to support the enhancement of his punishment. *Harvey v. State*, 611 S.W.2d 108 (Tex.Cr.App.1981); *Dinn v. State*, 570 S.W.2d 910 (Tex.Cr.App.1978). Appellant's third ground of error is overruled.

Appellant contends in his fourth ground of error that the trial court erred in holding the evidence sufficient to sustain the judgment as to punishment because the prior convictions used for enhancement of punishment were void. Appellant bases this contention on the rationale that during the hearing on punishment he conclusively proved that when he pled guilty to both prior felonies used for enhancement purposes in this cause, he was not warned that these convictions could be used against him to increase the range of punishment in subsequent convictions. Appellant's fourth ground of error is without merit. He waived his right to challenge the sufficiency of the evidence not only because he pled "true" as to the prior convictions, as discussed in ground of error three, but also because he failed to have the transcription of the court reporter's notes of the proceedings timely filed in the trial court, as discussed in ground of error two. In addition, we point out that even if this portion of the record were properly before us for review, the ground of error is without merit because it has been held that there is no requirement that the trial court admonish the defendant at the time of his guilty plea that such conviction might be used in a subsequent trial for the purpose of enhanc-

ing punishment. *Cooper v. State*, 492 S.W.2d 545 (Tex.Cr.App.1973). *See also Eubanks v. State*, 599 S.W.2d 815 (Tex.Cr.App. 1980). Appellant's fourth ground of error is overruled.

The judgment is affirmed.