David Lewis ROWELL, Appellant,

v.

The STATE of Texas.

No. 0766-00.

Court of Criminal Appeals of Texas, En Banc.

Nov. 21, 2001.

David Cunningham, Houston, for appellant.

Carol M. Cameron, Asst. Dist. Atty., Houston, Matthew Paul, States Atty., Austin, for State.

WOMACK, J., delivered the opinion for a unanimous Court.

May a court of appeals, without examining a reporter's record of a guilty plea and sentencing, decide that a trial court erred in denying an appellant's motion to suppress evidence? We hold that it may.

The appellant was charged with misdemeanor possession of marihuana that was found during a search of his estranged wife's residence. The search was authorized by a search warrant issued by a United States magistrate judge. The appellant filed a motion to suppress the marihuana, arguing that the affiant's information was stale on the date that the warrant issued and, thus, did not provide probable cause for the search. The trial court found the search warrant to be valid and overruled the motion. The appellant waived trial by jury and pleaded guilty. The trial court found him guilty and sentenced him to twenty-nine days in jail.

On direct appeal, the appellant again challenged the sufficiency of the affidavit for the warrant. The Court of Appeals, agreeing with the appellant that the information was stale and did not provide probable cause for the warrant, reversed the judgment of the trial court. *Rowell v. State*, 14 S.W.3d 806 (Tex.App.—Houston [1st Dist.] 2000).

The State does not challenge the holding that the information was stale. It contends that the Court of Appeals erred in determining the merits of the appellant's motion to suppress without examining a complete appellate record. We granted review of the issue.

The appellate record in this case comprises the clerk's record and the reporter's record from a proceeding in which the appellant waived trial by jury and pleaded not guilty, and at which the court heard a motion to suppress evidence (which the court overruled by a written order filed about seven weeks later). It does not contain a reporter's record of any proceedings that may have been held several months thereafter, when the appellant entered a written stipulation of evidence, or the trial several months after that in which the appellant pleaded guilty and was sen-

tenced in accordance with a plea-bargain agreement.

The Court of Appeals, relying on the rule that the affidavit for a warrant must be judged by the information within its four corners, said, "The State asserts the denial of the motion to suppress must be presumed correct because this Court does not have a complete reporter's record from the guilt/innocence phase of trial, the punishment phase, or the hearing on the motion to suppress. This argument has no merit. Therefore, testimony taken during the guilt/innocence phase, the punishment phase, or any pretrial hearing does not bear upon our assessment of probable cause." [1]

■ In its brief, the State makes three arguments: (1) an appellant has the burden to secure a record that demonstrates error, (2) any omission in the record presented to the appellate court is presumed to support the trial court's ruling, and (3) an appellant who challenges the admissibility of evidence must present a complete statement of facts.[2] This scheme is logical, according to the State, because the appellant "could have waived any error with respect to the trial court's denial of the appellant's motion to suppress." [3] The State presents several hypothetical waiver scenarios, suggesting that the appellant might have affirmatively asserted at trial that he had no objection to the admission

of the marihuana into evidence, or that he might have cured the error by his own introduction of incriminating evidence.

The State's first contention relies on a decision that predates the current Rules of Appellate Procedure.[4] Indeed, the appellant once bore the burden of presenting a record that demonstrated error, but the rule that so burdened him was revised in 1997.[5] The current Rules do not assign a burden to either party, so the appellant could not have failed to satisfy it by presenting a partial record. The State's first argument has no merit.

The State's second argument is that any omission in the record the appellant presents is presumed to support the trial court's ruling.[6] Just as a matter of logic, such a presumption does not support the State's conclusion that the Court of Appeals erred in determining the merits of the motion to suppress on a partial record. That the omitted portion of the record might support the trial court's ruling does not affect a holding that the record as presented shows conclusively that the trial court committed error. But, be that as it may, such a presumption can no longer exist after the recent amendments to the Rules of Appellate Procedure—amendments which defeat the State's final argument as well.

The State's final argument, that an appellant who challenges the admissibility of

---

1. *Rowell*, 14 S.W.3d at 810, n. 3 (citation omitted).

2. *See* State's Brief at 2.

3. *Id.* at 4.

4. *Birdwell v. State*, 996 S.W.2d 381, 383 n. 1 (Tex.App.—Houston [14th Dist.] 1999, pet. ref'd) (burden to secure record demonstrating error).

5. Former Rule 50(d) read, "The burden is on the appellant, or other party seeking review,

to see that a sufficient record is presented to show error requiring reversal."

In 1997 we adopted Rule 34, which covers the appellate record. The "Comment to 1997 change" is: "Former Rule 50(d), regarding the burden to file a complete record, is repealed." Tex.R.App. P. 34, Notes and Comments.

6. The State cites *State v. Pierce*, 816 S.W.2d 824, 831 (Tex.App.—Austin 1991, no pet.) (presumption that omission supports trial court's ruling).

evidence must present a complete appellate record, is supported by some of our decisions that "in the absence of a complete statement of facts, we are not in a position to review questions pertaining to the admissibility of evidence." [7] In another case we held that an appellate court cannot assess the propriety of a trial court's ruling on the admissibility of evidence without a complete statement of facts "or other showing that the claimed errors were not waived or cured." [8] These cases support the State's position, but they were decided under an older, more restrictive system of appellate procedure. We must, therefore, assess the viability of these holdings under our modern system.

■ Rule of Appellate Procedure 34.6 governs the presentation of the reporter's record on appeal, and it provides that that record "consists of the court reporter's transcription of so much of the proceedings, and any of the exhibits, that the parties to the appeal designate." [9] The Rule requires only one thing to be included: In a criminal case in which one of the appellant's stated issues is that the evidence is insufficient to support a finding of guilt, the record must include all the evidence admitted at the trial.[10] Any party that is dissatisfied with its opponent's designation may designate additional evidence to be included.[11] Furthermore, the appellant must still pay for the additional parts designated by another party, unless the trial court finds them unnecessary to the appeal.[12]

After the reporter's record is prepared, a party or a court that notices the omission of relevant evidence may direct the reporter to supplement the record.[13] Inaccuracies in the reporter's record may be corrected, either by agreement of the parties or by a decision of the trial court.[14]

Thus, under the 1997 rule, the parties may determine what constitutes the "complete record" referenced by the State. The rule permits and requires each party to see that the reporter's record contains all that the appellate court needs. It is no longer necessary, or sufficient, for a party to argue that the appeal should be decided by hypotheses about missing portions of the record.

Our old holdings that an appellate court cannot review admissibility-of-evidence issues in the absence of a complete record must be read in light of the 1997 rules that allow the parties to determine what is necessary for a record to be so complete as to enable the appellate court to decide the point of error (including its preservation and its effect).

In the instant case, the State could have availed itself of Rule 34.6(d) to direct the court reporter to file a record of the guilt/innocence and punishment phases of the trial. These portions of the testimony might have shown that the appellant

---

7. The State cites *Spencer v. State,* 477 S.W.2d 608 (Tex.Cr.App.1972) (citing *Slade v. State,* 400 S.W.2d 570, 571 (Tex.Cr.App.1966) (citing 5 Tex. Jur. 254 § 160)).

8. *Stockman v. State,* 303 S.W.2d 410, 411, 164 Tex.Crim. 469, 470 (Tex.Cr.App.1957).

9. Tex.R.App. P. 34.6(a)(1).

10. *See id.* at (c)(5).

11. *See id.* at (c)(2).

12. *See id.* at (c)(3).

13. "If anything relevant is omitted from the reporter's record, the trial court, the appellate court, or any party may by letter direct the official court reporter to prepare, certify, and file in the appellate court a supplemental reporter's record containing the omitted items. Any supplemental reporter's record is part of the appellate record." Tex.R.App. P. 34.6(d).

14. See id., R. 34.6(e).

waived his pretrial objection to the admissibility of the marijuana or cured any error in its admission into evidence. In fact, the State informed the court of appeals that it was having a supplemental reporter's record prepared.[15] That supplement has not been filed in the record of this appeal, as Rule 34.6(d) permits the State to direct the court reporter to do. If the supplement showed that one of the State's hypothetical waivers had happened, the State should have directed it to be filed.

In light of Rule 34.6 and the State's failure to have the record supplemented, the court of appeals was permitted to decide this appeal on the basis of the record that the parties chose to file.

The judgment of the First Court of Appeals is affirmed.

15. "Laurie Walker Buchanan, the Official Court Reporter for County Criminal Court at Law No. 12, informed the undersigned [assistant district attorney] on January 13, 2000, that she has located her notes from the December 15, 1998, hearing and is preparing a supplemental court reporter's record." State's Brief Filed January 14, 2000, at 3 n. 2.