**Chuong Hue NGUYEN, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 14–02–00464–CR.

Court of Appeals of Texas,
Houston (14th Dist.).

Jan. 16, 2003.

Chuong Hue Nguyen, pro se.

John Harrity, III, Dist. Atty's Office, Fort Bend County, Richmond, for appellee.

Panel consists of Justices EDELMAN, SEYMORE, and GUZMAN.

**ORDER**

PER CURIAM.

Appellant did not request or make arrangements to pay for the reporter's rec-

ord. Accordingly, on September 12, 2002, this Court issued an order requiring appellant to file a brief on issues that did not require a reporter's record. Appellant filed his brief on October 14, 2002. In his pro se brief, appellant raised an issue challenging the sufficiency of the evidence. Although framed as a sufficiency challenge, the issue actually alleges constitutional and statutory violations. The State's brief was due on November 14, 2002. The State requested an extension which this Court granted until December 13, 2002. On December 9, 2002, the State filed a second motion for extension and a Rule 34.6 motion to complete the appellate record at appellant's expense.

In its motion to complete the reporter's record, the State asserts that it is entitled to request the complete record at the appellant's cost. Rule 34.6(c)(5) provides that, in a criminal case, if there is a point challenging the sufficiency of the evidence to support a finding of guilt, the record must include all the evidence admitted at trial. TEX.R.APP. P. 34.6(c)(5). The State also cites to *Rowell v. State*, 66 S.W.3d 279 (Tex.Crim.App.2001). The State asserts that certain language in the *Rowell* case indicates the State must file missing portions of the reporter's record to rebut challenges to the sufficiency of the evidence.

We deny the State's motion to complete the record. Although appellant's brief raises a point of error entitled, "Insufficient evidence to prosecute," a reading of the argument under this point reveals that it is not a challenge to the sufficiency of the evidence supporting a finding of guilt.[1] Furthermore, *Rowell* and Rule 34.6(c) apply only to cases in which a partial reporter's records are filed. In the instant case, no part of the reporter's rec-

ord was filed. Therefore, the holding in *Rowell* is inapplicable and the procedures and standards set out in subsection (c) of Rule 34.6 do not apply in this case.

Accordingly, we deny the State's motion for a complete reporter's record at appellant's expense. We grant the State's motion for extension of time to file its brief until February 18, 2003. No further extensions will be granted absent a showing of exceptional circumstances.

---

1. Without filing any part to the reporter's record, an appellant waives the right to complain of the sufficiency of the evidence on appeal. *Smithwick v. State*, 636 S.W.2d 557, 558 (Tex.App.-San Antonio 1982, no pet.).