IN
THE COURT OF CRIMINAL APPEALS

                                    OF
TEXAS

 

                                                                              

                                                               NO. PD-0786-06



 

 

                                                   JUSTIN
AMADOR, Appellant

 

                                                                             v.                                                     

 

                                                        THE
STATE OF TEXAS

                                                                              



                   ON
APPELLANT=S PETITION FOR DISCRETIONARY REVIEW 

FROM THE NINTH COURT OF APPEALS

MONTGOMERY COUNTY



 

Hervey,
J., filed a dissenting opinion in which Keller, P.J., and Keasler,
J., joined.

 

DISSENTING OPINION

 








I respectfully dissent.  I would decide that
appellant had the burden under Rule 34.6(d) of the Texas Rules of Appellate
Procedure to attempt to supplement the appellate record with the portions of
the videotape that the trial court considered in denying appellant=s motion to suppress.[1] 
Having failed to sustain this burden and having also taken affirmative steps to
prevent the other party from taking on this burden, appellant should not now be
heard to complain that the court of appeals assumed that the videotape
supported the trial court=s ruling on an issue that appellant apparently did
not even preserve for appeal.








Appellant raised the issue of probable cause for his
arrest on direct appeal in the court of appeals.  See Amador v. State,     S.W.3d
   , slip op. at 6 (Tex.Cr.App. No. PD-0786-06, delivered this date).[2] 
The record reflects that, in denying appellant=s motion to
suppress and his motion for reconsideration, the trial court relied in part on
portions of Fountain=s patrol-car videotape apparently showing, among
other things, appellant performing field sobriety tests.  Appellant did not
produce an appellate record with the portions of the videotape that the trial
court considered in making its ruling,[3]
and he took affirmative steps to frustrate the State=s efforts in making the videotape a part of the appellate record.  As I
understand the Court=s opinion, appellant opposed the State=s efforts to supplement the appellate record with the videotape because
it had never been formally introduced into evidence, not because the trial
court may have considered only portions of it.[4]

Under these circumstances, the court of appeals
assumed that the videotape supported any ruling by the trial court that
probable cause existed for appellant=s arrest.  See Amador, slip op. at 7-9.  This
Court decides that the court of appeals erred to assume that the videotape
supported any such ruling by the trial court and suggests that the court of
appeals could on remand abate the appeal for supplementation of the record with
portions of the videotape under the procedures set out in Rule 34.6(e).  See
Amador, slip op. at 2, 9, 19.








It is a well-settled rule that there is a
presumption of regularity in the trial court proceedings, absent a showing to
the contrary by the appealing party.  See Light v. State, 15 S.W.3d 104,
107 (Tex.Cr.App. 2000) (presumption of regularity is a judicial construct that
requires a reviewing court, absent evidence of impropriety, to indulge every
presumption in favor of the regularity of the proceedings and documents in the
lower court); Ex parte Wilson, 716 S.W.2d 953, 956 (Tex.Cr.App. 1986)
(there is a presumption of the regularity of the judgment of conviction and the
proceedings, absent a showing to the contrary).[5] 
This requires the appealing party to present a record showing reversible
error.  See Word v. State, 206 S.W.3d 646, 651-52 (Tex.Cr.App. 2006)
(appealing party has burden to present a record showing reversible error).  The
appealing party does not fulfill this burden by omitting relevant portions of
the trial court proceedings from the appellate record.

By failing to make the relevant portions of the
videotape a part of the appellate record, appellant could not sustain his
burden in the court of appeals to overcome the presumption that the videotape
supported the trial court=s ruling denying appellant=s motion to suppress.  The court of appeals, therefore, properly
presumed that the videotape supported this ruling.  Cf. Ex parte Guzman,
589 S.W.2d 461, 464 (Tex.Cr.App. 1979) (since no statement of facts of juvenile=s examining trial were filed, reviewing court could presume that all
procedural steps within the proceeding were complied with).








This Court=s decision in Rowell v. State[6]
is not to the contrary.  This Court in Rowell decided that the current
rules of appellate procedure permit the appealing party to present a partial
record and that these rules Aallow the parties to determine what is necessary for
a record to be so complete as to enable the appellate court to decide the point
of error.@  See Rowell, 66 S.W.3d at 282.  But, the
partial record presented by the appealing party in Rowell showed
reversible error, and it was complete enough so as to enable the appellate
court to decide the substantive point of error presented on appeal.  See
Rowell, 66 S.W.3d at 280-82; see also Word, 206 S.W.3d at 651-52
(appealing party has burden to present a record showing reversible error).  The
record presented by the appealing party in Rowell did not omit anything
relevant to this substantive point of error.  See Rowell, 66 S.W.3d at
280-81.[7] 
Under Rowell, 66 S.W.3d at 282, the appealing party is required to
present a record Aso complete as to enable the appellate court to
decide the point of error.@  Appellant failed to do this when he made no
attempt to make the relevant portions of the videotape a part of the appellate
record.

Even if the State (rather than appellant) had a
burden to make the videotape a part of the appellate record, the court of
appeals could still have presumed that the videotape supported any ruling that
probable cause existed for appellant=s arrest.  When, as here, a party affirmatively
keeps the other party from supplementing the appellate record Ato be so complete as to enable the appellate court to decide the point
of error,@[8] that party should be estopped from complaining that
the appellate court presumed that this missing part of the record supports the
trial court=s ruling.  See Prystash v. State, 3 S.W.3d
522, 530-32 (Tex.Cr.App. 1999) (a party is generally estopped from complaining
about an action that he induced).








Finally, the Court=s opinion
suggests that the court of appeals could on remand abate the appeal for
supplementation of the record with portions of the videotape under the
procedures set out in Rule 34.6(e).  See Amador, slip op. at 19.  But,
Rule 34.6(e) sets out procedures for correcting inaccuracies in the reporter=s record.  There was nothing inaccurate in the reporter=s record that appellant designated under Rule 34.6(b)(1) to be filed in
the court of appeals.  This record was merely incomplete and did not Aenable the appellate court to decide the point of error.@  See Rowell, 66 S.W.3d at 282.  Rule 34.6(e) should not be
applied to provide appellant with another opportunity to do what he should have
done well before now and what he affirmatively prevented the other party from
doing.  See George E. Dix & Robert O. Dawson,
Texas Practice: Criminal
Practice And Procedure '43.474 at 699 (2d ed. 2001) (AAppellate courts= power to
abate is not general authority in the appellate judiciary to give appellants a
second chance to do what they failed to do when the case was before the trial
court@). 

I respectfully dissent.

Hervey, J.

 

 

Filed:   April 25, 2007

Publish









[1]

Rule 34.6(d) allows for supplementation of the reporter=s record if it omits
anything relevant that an appellant designates to be included in the reporter=s record under Rule
34.6(b)(1).  In this case, appellant did not designate any portions of the
videotape to be included in the reporter=s
record, so he arguably could not have supplemented it with these portions of
the videotape under Rule 34.6(d).  





[2]

The record, however, reflects that
appellant did not raise this issue at the suppression hearing until the closing
arguments.  See Amador, slip op. at 4.  The suppression hearing had
focused on the validity of Fountain=s Acontinued detention of appellant after she wrote a
warning ticket for speeding.@  See id.  Appellant=s motion for reconsideration also focused on this discrete issue.  See
Amador, slip op. at 5-6.  On this record, I would decide that appellant
forfeited any issue of probable cause for his arrest, because the other party
and the trial court could reasonably have believed that appellant was not
contesting that issue.  The Court=s opinion declines to address this preservation of
error issue, even though the State raised it in the court of appeals and this
Court has held that Apreservation of error is a systemic requirement.@  See Amador, slip op. at 8 (noting that the State claimed in
the court of appeals Athat appellant forfeited his right to complain about
the issue of probable cause on appeal because he had failed to litigate it in
the trial court@), and slip op at 8 n.9 (suggesting that appellant
failed to preserve issue of probable cause for his arrest, but declining to
address that issue); Haley v. State, 173 S.W.3d 510, 515 (Tex.Cr.App.
2005) (Apreservation of error is a systemic requirement@).





[3]

This was
appellant=s burden
under Rule 34.6(b)(1), which provides:

 

At or before the time for perfecting the
appeal, the appellant must request in writing that the official reporter
prepare the reporter=s
record.  The request must designate the exhibits to be included.  A request to
the court reporterBbut
not the court recorderBmust
also designate the portions of the proceedings to be included.





[4]

See Maj. Op. at 7 (stating that appellant objected to State=s request to supplement
record with videotape because it Ahad
never been marked as an exhibit or formally introduced into evidnce in the
trial court@); but
see Maj. Op. at 15 (stating that appellant objected to State=s request to supplement
record with the videotape because Athe
trial judge did not view its entirety and thus the appellate court might
consider portions of the videotape that were not actually viewed by the trial
judge and not considered when he made his ruling@). 






[5]

See also Vega v. State, 707 S.W.2d 557, 559 (Tex.Cr.App. 1986); Stacy
v. State, 819 S.W.2d 860, 863 (Tex.Cr.App. 1991) (Baird, J., dissenting) (Apresumption of regularity
is a sound judicial construct@).





[6]

66 S.W.3d 279, 282 (Tex.Cr.App. 2001).





[7]

The appealing party in Rowell claimed that an affidavit in support
of a search warrant was invalid.  See Rowell, 66 S.W.3d at 280-81.  The
appealing party made the search warrant affidavit a part of the appellate
record.  See id.  The appealing party did not omit the search warrant
affidavit from the appellate record, and then claim that he should win on
appeal.  See id.





[8]

See Rowell, 66 S.W.3d at 282.