IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






No. PD-1706-05





QUINDARLE DARAY BATTS, Appellant



v.



THE STATE OF TEXAS





ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW


FROM THE FOURTEENTH COURT OF APPEALS


HARRIS COUNTY





 Johnson, J., delivered the opinion of the Court in which Meyers, Price,
Womack, Holcomb and Cochran, JJ., joined. Keller, P.J., concurred in the result. 
Keasler and Hervey, JJ., dissented.


O P I N I O N



 Appellant was charged by indictment with aggravated sexual assault of a child. After finding him
guilty of the charged offense, the jury found true two enhancement paragraphs and assessed a life sentence. 
On appeal, appellant claimed that the trial court abused its discretion by failing to conduct a hearing on his
motion for new trial. The court of appeals overruled that claim and affirmed the judgment of the trial court.
Batts v. State, No. 14-04-00108-CR (Tex. App.-Houston [14th], 2005). We granted appellant's petition
for discretionary review, which raised three grounds for review.

 The clerk's record reflects that the jury sentenced appellant to life imprisonment on February 4,
2004, and that on March 2, 2004, appellant filed a one-page motion for new trial. Three days later, via
a different attorney, appellant filed a second, four-page motion for new trial. The second motion was more
detailed than the first motion and contained additional grounds, including allegations of ineffective assistance
of counsel. The clerk's record also contains a hand-written "Order Setting Motion for New Trial," dated
March 11, 2004, which set a hearing on the motion for March 23, 2004. This order was signed by Judge
Mark Kent Ellis. The clerk's record also contains an "Agreed Setting" form, filed March 13, 2004, which
is signed by appellant, the attorney who filed the second motion for new trial, the attorney for the state, and
by a judge other than Judge Ellis. The agreement re-set the hearing for April 2, 2004. The docket sheet
confirms that a motion for new trial was filed on March 2, 2004, and that on March 23, 2004, appellant
appeared with counsel and the hearing was re-set until April 2, 2004 ("R/S 4-2 MTNS"). The re-set on
March 23 is the last entry on the docket sheet. The reporter's record does not include a transcription of
any such hearing.

 Appellant's sole point of error before the court of appeals asserted abuse of discretion by the trial
court: it had failed to hold a hearing on his motion for new trial, which alleged, among other claims,
ineffective assistance of counsel at the punishment phase of trial. In its substitute memorandum opinion, the
court of appeals overruled appellant's point of error. It conceded that appellant had complied with Tex.
R. App. Proc. 21.6 and had "presented" the motion for new trial. The court of appeals also noted that,
"[w]hen an accused 'presents' a motion for new trial raising matters not determinable from the record that
could entitle him to relief, the trial court abuses its discretion by failing to hold a hearing. Martinez v. State,
74 S.W.3d 19, 21 (Tex. Crim. App. 2002)." (1) It further noted that there is no indication in the record
whether a hearing took place on the re-set date, and if such a hearing took place, what transpired at that
hearing, or if no such hearing took place, why not-a failure by the trial court, appellant's failure to appear,
or otherwise. Batts, supra, slip op. at 2. The court of appeals held that "appellant's sole point of error
fail[ed] to demonstrate that a hearing was not held, or that any non-occurrence of the hearing resulted from
any abuse of discretion by the trial court." Id.

 Appellant's questions for review ask:

1) Was the court of appeals correct in deciding that the appellant has the burden on appeal
of showing why the trial court did not hold a hearing on a motion for new trial that has been
properly presented to the trial court and on its face could entitle appellant to relief, but was
overruled by operation of law?


2) Was the court of appeals correct in deciding that appellant must show his motion for new
trial was actually overruled by affirmative action of the court and it cannot be presumed
from a silent record that the motion for new trial was overruled by operation of law?


3) Should the court of appeals have reached the issue of whether appellant's motion for new
trial was implicitly overruled and the complaint preserved for appellate review?


Appellant asserts that, while this Court granted review on the three questions, "the issue is fairly raised by
one question: When a timely filed and presented motion for new trial is set for hearing and later denied by
operation of law, must the appellant show why the trial court did not hold a hearing."

We hold that such an appellant is not required to show why the hearing was not held as a prerequisite to
a determination of the merits of a complaint that a required hearing was not held.

 Appellant points out that the court of appeals found that he had timely presented his motion for new
trial. (2) He also asserts that the court of appeals's holding "begs the question of whether, on these facts, the
overruling of the motion for new trial by operation of law had the legal effect of denying a hearing, or
whether it was merely a failure to rule on appellant's request for a hearing." He asserts that, since he timely
filed his new trial motion raising matters not determinable from the trial record and presented it to the trial
court, a hearing on the motion was required and the overruling of the motion by operation of law was an
abuse of discretion.

 The state urges that appellant's grounds should be overruled because his argument on discretionary
review "fails to attack the 'decision' of the court of appeals." The state asserts that the court of appeals
held that it could not find that the trial court erred in failing to conduct such a hearing because the record
fails to demonstrate that the trial court did not, in fact, conduct such a hearing. Since the record fails to
affirmatively reflect that appellant really was denied a hearing on the new trial motion, appellant is thus
asking this Court to decide issues that the court of appeals did not decide and is not challenging the ground
upon which the court of appeals based its decision. The state also suggests that, since the record is
silent regarding what occurred on the date upon which the new trial hearing was scheduled, "it is certainly
possible that a hearing was conducted and for some reason the court reporter did not record it or failed
to transcribe it for appeal." It also proffers the possibility that appellant, with his counsel, may have
appeared on that date and waived his previous request for a hearing, and the trial court then ruled on the
motion without a hearing. It also suggests that, "given the silent record, it is impossible to say that appellant
was denied a hearing." It does not offer a rationale for the absence of any notation in regard to April 2d
on the otherwise-informative docket sheet. 

 The state points to Word v. State, 206 S.W.3d 646 (Tex. Crim. App. 2006), for the principle that
"[i]t is usually the appealing party's burden to present a record showing properly preserved, reversible
error." Id. at 651-52. However, in Rowell v. State, 66 S.W.3d 279, 282 (Tex. Crim. App. 2001) we
held that, with regard to submitting the reporter's record pursuant to Tex. R. App. P. 34.6, "[t]he rule
permits and requires each party to see that the reporter's record contains all that the appellate court needs[,
and i]t is no longer necessary, or sufficient, for a party to argue that the appeal should be decided by
hypotheses about missing portions of the record." Nevertheless, in Word, (3) we noted that Rowell did not
presume error from a silent record, but rather, found that properly preserved reversible error was shown
in a partial record.

 The record here clearly reflects that appellant's new trial motion was indeed set, and re-set, for a
hearing before the trial court. The motion was clearly "presented" to the trial court. We have previously
said that "[n]otations on docket sheets are the primary source of the case's history." Aldrich v. State, 104
S.W.3d 890, 895 (Tex. Crim. App. 2003). Such history would certainly include any hearings that were
conducted. We observe that the docket sheet in the instant cause does include multiple notations reflecting
that, during the course of this case, appellant appeared in person with counsel at various settings. The
docket sheet also describes the course of the trial, including voir dire, the swearing of the jury and of
witnesses, the making of opening statements, the presentation of witnesses, various recesses, jury argument,
jury deliberations, and jury verdicts of guilt and a sentence of life in prison. The docket sheet likewise
contains notations regarding the filing and re-setting of the motion for new trial, but it conspicuously does
not contain any reference to a hearing on that motion.

 Appellant timely filed and presented his new trial motion. His motion was clearly set for hearing. 
Yet the docket sheet does not reflect that any such hearing was ever held. The state's suggestions that such
a hearing may have been held but was not transcribed by the court reporter or that appellant, along with
counsel, may have appeared and waived his previous request for a hearing are speculative, at best. The
state's position would also require appellant to prove a negative, a task that is nearly impossible. The
record does not support a conclusion that the primary source for this case's history, the docket sheet that
records that history in detail, would fail to mention such a hearing if it had been held.

 We conclude that the record reflects that appellant presented his new trial motion and requested
a hearing, that a hearing date was set and then re-set, that no such hearing was held, and that the court of
appeals erred in holding that appellant failed to demonstrate that a hearing was not held. (4) Neither the court
of appeals nor the state has cited any authority holding that a movant must demonstrate that the failure to
hold a hearing "resulted from any abuse of discretion by the trial court." Batts, slip op. at 2. Further, we
are unaware of any authority holding that such a showing is necessary in order to reach the merits of a claim
complaining of such failure. We therefore conclude that the court of appeals also erred in holding that
appellant's sole point of error failed because appellant did not demonstrate "that any non-occurrence of
the hearing resulted from any abuse of discretion by the trial court."

 We sustain appellant's grounds for review and remand this cause to the court of appeals to address
the merits of the point of error which appellant raised before it.


Delivered: June 27, 2007

Do not publish

 
1. We note that an allegation of ineffective assistance of counsel is a "matter not determinable from the
record." 
2. See also Carranza v. State, 960 S.W.2d 76, 79 (Tex. Crim. App. 1998)("'present' ... means the record must
show the movant for a new trial sustained the burden of actually delivering the motion for new trial to the trial court
or otherwise bringing the motion to the attention or actual notice of the trial court. . . . The presentment must result
in actual notice to the trial court and may be evidenced by the judge's signature or notation on a proposed order
or by a hearing date set on the docket." Emphasis in original.)
3. Id. at 652.
4. See, Tex. R. Evid. 803(7) Absence of Entry in Records Kept in Accordance with the Provisions of
Paragraph (6)[Records of Regularly Conducted Activity].