# NO. 12-07-00163-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *CHRISTOPHER BLANTON,*<br>*APPELLANT* | *§* | *APPEAL FROM THE 420TH* |
| *V.* | *§* | *JUDICIAL DISTRICT COURT OF* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | *§* | *NACOGDOCHES COUNTY, TEXAS* |

### *MEMORANDUM OPINION*

Christopher Blanton appeals from his conviction for burglary.  In four issues, he argues that the evidence was insufficient to support the verdict and that the trial court gave insufficient jury instructions and answered a question from the jury incorrectly.  The State did not file a brief.  We affirm.

### PROCEDURAL BACKGROUND

A Nacogdoches jury found Appellant guilty as charged of the felony offense of burglary of a habitation and assessed punishment at sixteen years of imprisonment and no fine.  The trial concluded on April 5, 2007.  According to the docket, notice of appeal was filed on May 2, 2007 and a single volume of the reporter's record was filed by Appellant with the trial court on May 3, 2007.  Appellant did not file a formal designation of the reporter's record pursuant to Texas Rule of Appellate Procedure 34.6(b)(1).  Instead, on June 11, 2007, Appellant's counsel wrote to the district clerk asking that the record be forwarded to this court.  The letter notes that counsel had filed the "Reporter's Notes" with the clerk previously and asked that those be forwarded as well.  However, the remainder of what would ordinarily be included in the reporter's record was not filed with the court and was not requested by Appellant's counsel.  Therefore, the appellate record in this case

consists of a clerk's record and one volume of the reporter's record of the trial. The reporter's record contains only the testimony of the complaining witness, and no part of the remainder of the three day trial conducted in this case.

## SUFFICIENCY OF THE EVIDENCE

In his first issue, Appellant argues that the evidence is insufficient to sustain the verdict. Generally, the appealing party has the burden to present a record showing reversible error. *See Word v. State*, 206 S.W.3d 646, 651–52 (Tex. Crim. App. 2006). And the record must include all the evidence admitted at trial in the appeal from a criminal case if one of the stated issues is that the evidence is insufficient to support a finding of guilt. *Rowell v. State*, 66 S.W.3d 279, 282 (Tex. Crim. App. 2001) (citing TEX. R. APP. P. 34.6(c)(5)).

Appellant acknowledges that the reporter's record in this case includes only the testimony of the complaining witness. He does not acknowledge Rule 34.6(c)(5) or suggest a mechanism by which this court could review the sufficiency of the evidence without the entire record. His argument on this issue consists entirely of two and one-half pages summarizing the testimony of the complaining witness and this sentence: "There was insufficient evidence to support a submission of a charge to the jury concerning Burglary of a habitation."

For his own reasons, Appellant has elected to proceed with a partial record that does not include all of the testimony adduced at the trial. We are mindful of the admonition of the court of criminal appeals that the appellate record should reflect the evidence considered by the trial court. *See Amador v. State*, 221 S.W.3d 666, 677 (Tex. Crim. App. 2007). In this case, it was Appellant's decision to proceed with a record that contains only the testimony of a single witness. As we did recently with a State's appeal, we decline, on our own motion, to undo the strategic decisions made by litigants about the contents of the record. *See* TEX. R. APP. P. 34.6(d); *Schlemeyer v. State*, No. 12-07-00067-CR, 2008 Tex. App. LEXIS 3691 (Tex. App.–Tyler May 21, 2008, no pet. h.) (mem. op., not designated for publication). We cannot review the sufficiency of the evidence without being able to review the evidence. *See McDougal v. State*, 105 S.W.3d 119, 121 (Tex. App.–Fort Worth 2003, pet. ref'd). We overrule Appellant's first issue.

2

## JURY INSTRUCTIONS

In his second issue, Appellant argues that the trial court did not answer an inquiry from the jury properly. In his third and fourth issues, Appellant argues that the trial court did not give complete instructions to the jury. Appellant concedes that he did not object to either the jury charge or the trial court's handling of the jury inquiry.

We cannot review these arguments because the record before us is insufficient to allow for appellate review. The jury charge is in the record, but there is nothing in the record about a jury question or the trial court's answer to it. Therefore, with nothing to review, we overrule Appellant's second issue.

With respect to jury instructions, Appellant argues that the trial court should have instructed the jury that it was a defense to a burglary charge if he had consent to enter the structure and that Appellant should be acquitted if the jury had a reasonable doubt on that question. There are two problems with this argument. First, the trial court instructed the jury that it was to acquit Appellant unless it found that he entered the habitation without the effective consent of the owner. The term "effective consent" was not defined, but it was clear from the instructions that the jury had to find that Appellant entered the home without consent in order to find him guilty. Second, strictly speaking, it is not a defense to a burglary charge that entry into a habitation was consensual. Rather, the State must prove that entry was without the consent of the owner. *See* TEX. PENAL CODE ANN. § 30.02 (a)(3). The court's instruction to the jury adequately conveyed this.

And even if there were error in the court's charge, we must review the evidence to determine if there was actual harm to the accused. *See **Almanza v. State***, 686 S.W.2d 157, 174 (Tex. Crim. App. 1985). The lack of a record in this case precludes us from determining if there was error at all, or if there was any harm to Appellant. Appellant asserts in his brief that he testified that he was not at the complaining witness's home at all. In that context, whether he had consent to enter the dwelling may not have been a contested issue. We cannot tell from the limited record before us whether Appellant was entitled to a more thorough description of the definition of "effective consent" or whether his admitted waiver of this issue precludes relief because we do not know what

3

happened at the trial court.[1]  We overrule Appellant's third and fourth issues.

### DISPOSITION

Having overruled Appellant four issues, we ***affirm*** the judgment of the trial court.


                **SAM GRIFFITH**
                Justice


Opinion delivered June 25, 2008.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*


(DO NOT PUBLISH)

---

[1] Appellant may have requested the charge that was given. *See **Ortiz v. State***, 144 S.W.3d 225, 230 (Tex. App.–Houston [14th Dist.] 2004, pet. ref'd) (Declining to find error because partial record did not show that appellant had not requested charge that was challenged on appeal.).